### STEVENS v. OSMAN.

"A quantity of corn consisting of about 200 bushels, and a quantity of rye consisting of about 100 bushels," is not a sufficient description of the property to maintain replevin.

In replevin a defective description of the property must be taken advantage of by special demurrer, as it would be held sufficient after verdict, avowry, or plea of property in defendant.

CASE reserved from Oakland Circuit Court.

*M. L. Drake*, for plaintiff.

*Wisner & Hosmer*, for defendant.

*By the court*, WHIPPLE, J.    The only question presented in the case is whether the declaration contains a sufficient description of the property replevied.    The action, it is to be observed, is for the *wrongful detention* of "a quantity of corn (consisting of about 200 bushels), and a quantity of rye (consisting of about 100 bushels).

It is well settled that in actions for a tort, it is not, in general, sufficient to alledge that the defendant injured or took divers goods and chattels of the plaintiff without giving a description of them; and that more particularly is necessary in *replevin* and *detinue*, for the reason it is only in these forms of action that the goods themselves can be recovered.    1 Chit. Pl. 377, edi. of 1844.    Blackstone says, that in *detinue*, it is necessary to ascertain the thing detained in such a manner as that it may be specifically known and recovered: therefore, it could not be brought for money or corn unless it be in a sack or bag, for then it may be distinguishably marked.    3 Black. Com. 152.    The same reasoning applies with equal force to the present action.    The writ should, on its face, contain such a description of the goods, as would enable the sheriff, with reasonable certainty, to distinguish them from other property of a like nature.    The corn and rye is alleged to have been wrongfully detained in the township of Waterford in the county of Oakland.    With such a description, the sheriff would have had some difficulty in executing his writ.    It was the duty of the plaintiff, not only to state the township in which the property was alleged to have been detained, but the *particular* place in the township; with such further description as would have enabled the sheriff to distinguish the corn and rye for which the

action was brought, from other grain of a like kind: as, for instance, by stating that it was in a particular barn, or mill, or granary, or that it was in sacks, or bags, or barrels, situated in a particular place. With such a description, the thing detained is specifically known, and the officer guided in the discharge of his duty. Certainty of description is also necessary to enable the court, if necessary, to award a return of the property, which could not be done, if perchance, the sheriff should have taken grain not the subject of controversey between the parties, in consequence of the insufficiency of the description. It is not intended to be understood that the particular place in a township in which property is alleged to be unlawfully detained, should in all cases be stated; but only when the description of the place is necessary to identify and describe the property to be replevied. In the case of DeWitt *v.* Morris & Platt, 13 Wendell 496, the property was described as follows: "Goods and chattels, to wit: about 400 tons of iron ore, commonly called bog ore." In that case the court held the writ defective, in not being more specific in the description of the chattels to be taken, and that the sheriff should have refused to execute it. It is admitted that the defect must be taken advantage of by special demurrer, as the description would be held sufficient after verdict. It would also be deemed sufficient if the defendant had avowed or pleaded property in himself, as there would then be no controversey between the parties as to what the goods were. The sheriff in this case should have refused to execute the writ; having executed it, however, constitutes no reason for the very general description of the property contained in the declalaration.

The demurrer in this case is well taken, and it must be so certified.

*Certified accordingly.*