## Stanchfield v. Palmer.

Parties may be regarded as partners in relation to third persons, under facts and circumstances much less conclusive than would be necessary to establish a partnership between themselves.

Upon a demurrer to evidence the testimony is to be taken most strongly against the party who demurs.

A demurrer to evidence not only admits the truth of the testimony, but also the conclusions of fact which may be reasonably inferred from such testimony.

When the possession of property was not acquired wrongfully in an action of replevin, there should be evidence of a demand and refusal ; but if the property was illegally taken no demand is necessary,

In an action to replevy saw logs, there should be proof that the identical property had been owned by plaintiff.

### Appeal from Scott District Court.

*Opinion by* GREENE, J. Replevin by Daniel Stanchfield against Robert Palmer for the recovery of one thousand pine saw-logs. All the material allegations in the petition are denied and put in issue by the answer, The entire evidence of plaintiff in the case is before us in two sets of depositions. Defendant demurred to its sufficiency, and the demurrer was sustained by the court.

The testimony shows that the logs in question were sold by one Berry to the defendant, and it is claimed that Berry in this transaction acted as the partner of Stanchfield ; and, if the partner, he was authorized to sell the logs. The evidence on this point is too vague and contradictory to show a partnership, or agency *inter se ;* but the nature of the transaction, and the positive testimony of Nichols, "that he knew they were partners," might justify a court or jury in so finding the fact as to third persons. This court has already decided that parties may often be adjudged partners as to third persons, when they could not be so regarded as between themselves. *Price* v. *Alexander,* 2 G. Greene, 427. Circumstances much less conclusive are sufficient to estab-

lish a partnership as to third persons. Collyer on Partnership, 89, 97.

It is justly charged that the evidence elicited from plaintiff's own witnesses conduced to show that Berry acted at least as his agent, if not his partner ; and, although that evidence is not very conclusive, still it is of such a character that we should not feel justified in disturbing the judgment of the court below, if that court had been authorized by consent of parties to decide upon this question of fact. But upon a demurrer to evidence, as in this case, the testimony is to be taken most strongly against the party who demurs. He not only admits the truth of the testimony to which he demurs, but also those conclusions of fact which a jury may reasonably and fairly infer from the testimony. *Pawling* v. *The United States*, 4 Cranch, 219 ; *Thornton* v. *Bank of Washington*, 3 Peters, 36. If from any admissible view of the facts the jury would be likely to render a verdict against the party demurring, such should be the judgment of the court. So ambiguous and doubtful is the testimony upon the question of partnership and agency, that the jury might have found against the demurring party, and if this had been the only point in the case, such should have been the decision below.

2. But there are other points upon which the decision of this case must turn. There is no evidence in the case of a demand and refusal. When replevin is in the *detinet*, as in this case, we think a demand on the part of plaintiff, and a refusal by defendant, are necessary. So in every instance where the possession was not wrongfully acquired. The defendant purchased the logs from the apparent owner, and the person in possession. He was an innocent purchaser, and acquired possession in good faith. The testimony clearly shows that there was no unlawful or wrongful act on his part in acquiring the property. In Phillips Ev., C. & H. notes, 225, the doctrine is recognized that when the goods came into defendant's possession by delivery of plaintiff, or *of a third person*, or by finding, it is necessary, at

Stanchfield *v.* Palmer.

least when the defendant merely detains them, to prove that he has refused to deliver them up, upon demand being made by the plaintiff. See also 6 Mod., 212 ; 6 East. 538 ; 2 T. R., 376 ; *Ingalls* v. *Bulkley,* 13 Ill., 315 ; 4 Greenleaf, 316 ; 4 McLean ; 3 Scam., 579 ; 6 Barb., 440 ; 2 Comstock, 295 ; 5 Stew. and Port., 383 ; 2 Mason, 77 ; 9 Bar. and Adol., 764 ; 2 Stark. Ev., 839, 842 ; 2 Sand. R. 47.

From the authorities, the conclusion is clearly this : when the *taking is illegal* no demand is necessary, but when the defendant became lawfully possessed of the goods in the first instance, either by delivery as in the case at bar, or by finding, the plaintiff must prove a demand and refusal before suit in order to recover. As there was no effort to prove a demand in the present case the demurrer was properly sustained.

3. There is another serious hiatus in the testimony before us. We think the plaintiff has signally failed in the proof to identify the logs. The evidence does not show that the logs replevied are those which were sold by Berry to defendant, or that the identical logs replevied had been previously owned by the plaintiff. This failure to show title, or to identify property, was of itself fatal to plaintiff's recovery, and justified the decision below.

Judgment affirmed.

*G. C. R. Mitchell* and *H. O'Conner,* for appellant.

*Cook* and *Dillon,* for appellee.