### Alexander Farwell et al. v. Patrick Fox.

*Replevin: Description.* Where the writ and declaration in replevin described the property as "six oxen," held sufficient.

*Heard April 8th. Decided April 13th.*

Error to Sanilac Circuit.

This was an action of replevin for six oxen. The writ and the declaration described them as "six oxen."

The defendant demurred to the declaration, on the the ground that the description was insufficient.

The Court overruled the demurrer, and gave judgment for the plaintiff.

*Wm. T. Mitchell,* for plaintiff in error.

The description of the property replevied was insufficient in both the writ and declaration. The description being "six oxen," without any other statement that would tend to distinguish the six taken from any other six oxen in the township or state.

"The writ should, on its face, contain such a description of the goods as would enable the sheriff with reasonable certainty to distinguish them from other property of a like nature." — *Stevens v. Osman. 1 Mich. 92; De Witt v. Morris, 13 Wend. 496; Root v. Woodruff, 6 Hill, 424.*

"A declaration in replevin must state a place certain within the village or town."—*10 Johns. 53.*

In this case there is nothing in the writ or declaration to indicate to the Court or officer executing the writ what six oxen were to be taken under it, unless it is considered that the allegation in the affidavit that six oxen were unlawfully detained by the defendants, is sufficiently definite. But the defendants, having in their possession more than six oxen, would leave the officer very much in the dark in regard to the particular cattle intended.

Although our statute does not require the particular place in the town to be stated, it does not do away with the necessity of a full description, so as to point out and designate the property from other of like kind and nature. If the particular case is essential to the description, then it is necessary. When the place is not required, the description should be more particular.

*Divine & Wixson,* for defendant in error.

The only question in this case is whether the property was sufficiently described. The special cause of demurrer as set forth in the demurrer and assignments of error is that the "Declaration contained no proper or sufficient description of the property replevied."

1. In replevin the writ and declaration set forth the property claimed whether replevied or not; neither the writ nor declaration show that any property is replevied. If the officer actually replevy property other than that described in the writ (and declaration), that fact cannot be cause for demurrer.

2. The writ is in accordance with the requirements of the statute, and is as full and definite as the precedents. —2 *Comp. L.* §§ *5010, 5011; Green's Pr. 70, 71; 3 Burrill's Prac. 4, 496; 6 Halst. 79.*

Its sufficiency could not be questioned by demurrer, but only by motion to set aside for irregularity.—*Green's Pr. 439,* §§ *1262, 1263; 1 Burrill's Pr. 474.*

3. It was only in case of a taking as a distress, (the original use of the action), when the property was already in the custody of the law at a place of which the owner had notice, that it was necessary to disclose a place certain as that where the property was detained.—*3 Black. Com. 13; 2 Burrill's Pr. 13.*

It has been held unnecessary in this country, in case of a wrongful taking, and is clearly unnecessary, in all cases under our statute.—*1 Browne, Pa. 60; Comp. L.* §*5029.*

4. Reasonable certainty in the description is all that is required.—*2 Burrill's Pr. 13; 1 Chitty on Pl. 165; Root v. Woodruff, 6 Hill, 418; Comp. L.* § *5028.*

*a.* The name, number or quantity and value constitute a sufficient description, and it is only in the absence of such a description that the property need be otherwise identified. This is all that is decided by the cases on which we suppose plaintiff in error relies.—*Stevens v. Osman, 1 Mich. 92; De Witt v. Morris & Platt, 13 Wend. 496.*

In the case of Stevens v. Osman stress is laid on the fact that the action is for a wrongful detention; but under our practice there is no distinction between replevin for a wrongful taking, and that for a wrongful detention. *Comp. L.* §§ *5010, 5012, 5028; Trudo v. Anderson, 10 Mich. 357.*

*b.* In this case the description is sufficient and is fully warranted by the precedents. — *Stephens on Pl. 43, 44; 3 Burrill's Pr. 296, 297; Id. 496; 6 Halst, 79; Ruch v. Morris, 28 Penn. 245; Root v. Woodruff, 6 Hill, 418.*

By the giving of the bond under the statute, after the property is taken by the officer and appraised, and before delivery to the plaintiff, the defendant is fully indemnified. A mistake by which property, not the subject of controversy, should be replevied, would be fatal to the plaintiff's case. His interest is, therefore, so direct that he may be safely trusted to point out the property described in the writ.

COOLEY CH. J.

Since the case of *Stevens v. Osman, 1 Mich. 92,* a very strict practice has prevailed in this state regarding the description of property in replevin suits; and we were at first not disposed to unsettle that practice by going back to that which prevailed before. A little reflection, however, has satisfied us that the rule, as generally understood, is needlessly stringent, and that no good purpose is subserved by requiring a more particular description than has been given in this case.

The case of Stevens v. Osman is authority only for holding that in replevin for grain or other chattels defined by measurement, a description indefinite in point of quantity, and not otherwise made certain, is fatally defective. The present case does not fall within that ruling. What the Court say concerning the necessity of the writ containing such description of the goods as will enable the officer to distinguish them from other property of a like nature, has reference to the indefiniteness there appearing, and can be applied to cases like the present, only so far as the supposed defect in the description produces a similar difficulty of identification.

It is impossible, in most cases, to give such description

18 MICH.—M.

of property as will absolutely separate and distinguish it from all other property of a similar nature. The number and specific names of chattels can be readily given, and in most cases other characteristics can be mentioned; but they would only tend to reduce the number of similar chattels which would fall within the description, and would not absolutely distinguish the articles demanded from all other chattels. In replevin for these oxen, for instance, if the plaintiff had described them as red oxen, he would have specified a characteristic, which would preclude the writ being applied to animals of a different color, but he would nevertheless have only defined the class to which those which are the subject of the suit belonged, and the description would be only one degree less indefinite than if the color were not mentioned. Nevertheless such a description would probably not be objected to as insufficient, though it is apparent that it would be impossible for the officer from this alone to distinguish and take possession of the property intended. In practice he is not usually expected to do this, but the plaintiff, or some one on his behalf, is present at the seizure, and points out the articles to which the affidavit relates. The defendant has no interest in a more particular description than appears in this record; and as the only result of demanding more particularity would be to subject parties to bills of costs where they had only followed the usual books of precedents, we think it proper to affirm the judgment of the court below, which held the declaration sufficient.

The other Justices concurred.