## GEORGE PROPER v. LYDIA CONKLING.

*Replevin—Description of property—Certiorari.*

A justice of the peace quashed a writ of replevin, with judgment
for a return of the property, described in the writ as " one sew-
ing-machine and one pool-table," on the ground that said
description was insufficient.

*Held,* substantial error, affecting the merits of the case, and
reviewable by *certiorari,* under How. Stat. § 7031.

Error to St. Clair. (Stevens, J.) Argued October 6,
1887. Decided October 13, 1887.

Replevin. Plaintiff brings error. Reversed. The facts
are stated in the opinion.

*William M. Cline,* for appellant.

*W. E. Leonard,* for defendant.

CHAMPLIN, J. Plaintiff commenced suit in replevin
before a justice of the peace.

The property described in the affidavit and writ was "one
sewing-machine and one pool-table."

The officer who returned the writ returned that he had
replevied and delivered to the plaintiff the sewing-machine
(pool-table could not be found) as he was commanded, and
that he had summoned the defendant.

Upon the return-day the parties appeared, and the plaintiff
declared in writing. The defendant then moved to quash
the writ, on the ground that the affidavit, writ, and bond did
not specifically describe the property. The justice granted
the motion, and ordered a return of the property mentioned
in the writ of replevin, and taxed costs against the ·plaintiff
at $4.75.

The plaintiff then sued out a writ of *certiorari* to the circuit court. The cause was brought on for argument in the circuit court, where the court entered an order dismissing the the writ of *certiorari* as having been improvidently issued.

The description in the writ was sufficiently specific, and the justice erred in quashing it. *Farwell v. Fox*, 18 Mich. 166; *Kelso v. Saxton*, 40 Id. 666; *Sexton v. McDowd*, 38 Id. 148.

How. Stat. § 7031, provides:

" In all cases of judgments rendered by a justice of the peace, whether issue was joined before the justice or not, either party may remove such judgment by a writ of *certiorari* into the circuit or district court for the county in which the judgment was rendered."

To entitle the party to such writ, he must give notice in writing within five days to the justice of his intention of removing the cause by *certiorari*, and within the same time make an affidavit setting forth the substance of the testimony and proceedings before the justice, and the grounds upon which an allegation of error is founded, and he must, within 30 days after the rendition of the judgment, present the affidavit to a circuit judge or circuit court commissioner of any county of this State, and, if he is satisfied that an error has been committed by the justice or jury in the proceedings, verdict, or judgment, he shall allow the *certiorari* by indorsing his allowance thereon. The statute requires the party suing out the *certiorari* to execute a bond. The affidavit and writ is then to be served upon the justice.

All the steps required by the statute to procure and perfect the writ of *certiorari* were taken by the plaintiff in this case. The error complained of was substantial, and affected the merits of the case, and was extremely prejudicial to plaintiff's rights. The circuit court erred in dismissing it as improvidently issued.

No doubt a better remedy would have been a special appeal to the circuit. But the statute gave the remedy by *certiorari* to the plaintiff, and I see no reason why he was not entitled to it.

The mere fact that this mode of proceeding prevents a trial of the replevin suit upon the merits is no reason for denying the right to this remedy. Such result always follows when a cause is removed by writ of *certiorari* from a justice's to the circuit court. Dismissing the writ, as improvidently issued, also prevents a trial upon the merits; but it does more,—it perpetuates the error committed by the justice, and turns the plaintiff over to an action of trover. A reversal of the judgment leaves the property in the possession of the plaintiff, but it does not preclude the defendant from bringing trover, or any other proper action; and, if either should be put to a further action, it ought to be the party who has caused a miscarriage of the suit before the justice.

The judgment of the circuit court and of the justice is reversed, with costs.

The other Justices concurred.