HAZEN S. PINGREE ET AL. v. WILLIAM C. STEERE.

*Replevin—Description of property.*

Where the plaintiffs in replevin were entitled, as mortgagees, to the possession of an *entire* stock of boots and shoes, a description of the property to be replevied as " sufficient of said stock [fully locating the same] to satisfy the claim of the plaintiffs, as mortgagees of said goods, amounting to $805," is sufficient.

Error to Montcalm. (Smith, J.) Argued October 26, 1887. Decided January 19, 1888.

Replevin. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Isaac Marston*, for appellants.

*George S. Steere*, for defendant.

CHAMPLIN, J. A writ of replevin described the property to be replevied as follows:

" Sufficient of the boots and shoes now in the store or building situate on lot 182 of Moore's plat of the village of Edmore, Montcalm county, Michigan, and now occupied by defendant herein, to satisfy the claim of the plaintiffs herein, as mortgagees of said goods, amounting to eight hundred and five dollars."

The sheriff replevied a quantity of boots and shoes, caused an inventory and appraisal thereof to be made, and summoned the defendant, who entered a general appearance, by his attorney. The plaintiffs' attorney filed his declaration, and defendant's attorney then moved to quash the writ, for the reason that the writ did not sufficiently describe the property to be replevied; and the court, upon this ground, quashed the writ.

In *Farwell v. Fox,* 18 Mich. 166, the writ described the property as "six oxen," and it was held to be sufficient.

In *Kelso v. Saxton,* 40 Mich. 666, it was held that property described in the writ as " one cow, seven years old, color red and white," and "two yearlings, red and white in color," was good.

In *Sexton v. McDowd,* 38 Mich. 148, it was held that the description need not be so explicit and exclusive as to supersede recourse to extrinsic help; if, with such aid as the plaintiff usually affords, the officer can identify the property, it is sufficient; citing *Farwell v. Fox, supra.*

"Indeed," said the Court, "it may be laid down that in the great majority of cases the designation in the writ must be supplemented by other means of identification, and the officer must use his intelligence in ascertaining assisting facts and in applying the description to the property intended."

In *Wattles v. Dubois,* 67 Mich. 313 (34 N. W. Rep. 672), the writ described the property as—

"Two hundred and fifty bushels of wheat of the Fultz variety, raised and grown upon the farm of plaintiff, on section 7, in township of Portage, Kalamazoo county, Michigan."

We held the description sufficient.

It appears that the plaintiffs were entitled to the possession of the whole stock, under their mortgage, and it is not perceived how the defendant is harmed by replevying from him less than the plaintiffs were entitled to. And, if the plaintiffs were entitled to replevin the entire stock, there could be no difficulty in executing the writ by taking sufficient to satisfy the plaintiffs' claim from the stock mortgaged.

The judgment must be reversed, and the order setting aside and quashing the writ vacated, and the defendant will have leave to plead to the declaration.

MORSE, J., concurred with CHAMPLIN, J.

SHERWOOD, C. J. (*dissenting*). I think the decision of

the circuit court upon the motion to dismiss the writ was right.

The statute requires that the writ shall describe the property to be replevied.    The description is of first importance, and, if not given in the writ, the court has no jurisdiction. How. Stat. § 8320; *Denison v. Smith,* 33 Mich 155; *Wilson v. Arnold,* 5 Id. 98; *Stevens v. Osman,* 1 Id. 92; *Farwell v. Fox,* 18 Id. 166; *Paterson v. Parsell,* 38 Id. 607; *Snedeker v. Quick,* 11 N. J. Law, 179; *Davis v. Easley,* 13 Ill. 192; *Root v. Woodruff,* 6 Hill, 418; *Stanchfield v. Palmer,* 4 Greene, 25.

The kind of property to which that sought to be taken under this writ belongs is mentioned, and the amount desired to be recovered in value is stated; and this is all there is of the description of the property contained in the writ.    The particular description of the goods which the officer should take is not mentioned in the process.    It is boots and shoes the plaintiffs desire the possession of; but the number or kind of both, or of either, is not stated.    This, however, is what the statute requires.

It is true, this Court has held in one case that "six oxen" was a sufficient description, and in another, that "one cow, red and white," was sufficient; but this Court, nor any other, that I have been able to ascertain, has ever held that a thousand dollars' worth of cows, or sheep, or oxen, would be a sufficient description of the property, under a statute like ours, and which would be a case really like the present.

The officer has nothing to do with the value of the property mentioned in the writ.    The Legislature have not invested him with the judicial power of determining the value, for any purpose, of the property mentioned in the writ of replevin; and yet, in deciding the amount of property he is required to take under this writ, the only limitation placed upon his action as to the amount he should take is to be determined by the value he shall place upon the same.

This simply converts the writ of replevin, in force and effect, into an execution against the property of the defendant, and allows the property of the debtor to be seized and turned over to the creditor before any trial has been had, or the indebtedness or liability of the defendant has been legally ascertained. His property has been seized and taken from him and given over to another irrevocably, upon the mere claim of the plaintiff, without trial or condemnation. This is against the spirit of the statute, and should not be allowed.

It is thought by my brethren that the reference in the writ to a mortgage to the plaintiffs has something to do in aiding the otherwise defective writ. It is difficult to see how this could aid the defective description, so long as the description contained in the mortgage is not given, nor the fact stated that the mortgage contains a description of the property, or that the mortgage was in existence at the time the writ issued.

It is the exercise of extraordinary power when the Legislature allows the property of one person to be taken, and its possession transferred to another, before any liability of the one to the other has been established by due process of law; and, when it is thus allowed, all the safeguards which the law and the courts have secured to the debtor should not only be regarded, but rigidly observed, both in the letter and spirit of the statute.

I think Judge Smith's decision in this matter did no more than this, and should be affirmed.

CAMPBELL, J., did not sit.