## WILLIAM NOLLKAMPER V. WYATT & ABBINGTON.

[FILED OCTOBER 4, 1889.]

1. **Replevin:** AFFIDAVIT: AMENDMENT: VARIANCE. In the affidavit for replevin and original petition the property was described as "seven head of horses," marked by certain brands, set out. In the amended petition, with other descriptive terms, three were described as "three mares," setting out the brands as in the original; three others as "three horses," setting out the brands as in the original; and one as "one colt," also setting out the brand thereon: *Held,* There was no departure.

2. **Instructions** given and refused, as stated in the opinion, considered and *held,* properly given and refused.

3. **The Judgment** examined and found sufficient.

ERROR to the district court for Holt county. Tried below before KINKAID, J.

*Uttley & Benedict,* for plaintiff in error:

The proof must correspond to the affidavit and writ (Wells on Replevin, sec. 182); and the latter must specify the property to be replevied. (Id., sec. 169; *Welch v. Smith,* 45 Cal., 230; *Stevens v. Townsend,* 1 Mich., 92; *De Witt v. Morris,* 13 Wend., 456.) The description was insufficient to convey title and hence defective. (*Price v. McComas,* 21 Neb., 195; *Ayres v. Adair County,* 61 Ia., 731; *Ormsby v. Nolan,* 28 N. W. Rep., 569; *Barr v. Cannon,* Id., 413; *De Witt v. Morris, supra.*) It is necessary that the identical property be specifically described to prevent the possibility of trying the same issues twice. (*Welch v. Smith,* and other cases *supra.*) If the property is not susceptible of definite description the court cannot acquire jurisdiction. (Wells on Replevin, sec 186*f*; *Parsell v. Circuit Judge,* 39 Mich., 542 ; *Welch v. Smith, supra.*) The same rule should apply in case of failure to describe,

hence no subsequent amendment could confer jurisdiction in this case. (*Murphy v. Lyons*, 19 Neb., 689; *Brondberg v. Babbett*, 14 Id., 517; *Cooban v. Bryant*, 36 Wis., 605; *Strugham v. Board*, 24 Id., 594; *Malone v. Clark*, 2 Hill [N. Y.], 657; *Stevens v. Boswell*, 2 J. J. Marshall [Ky.], 29.) The amended petition should have been stricken from the files, as it presented issues different from those tried below. (*Stevens v. Townsend*, and *De Witt v. Morris*, *supra*; *Fuller v. Schrœder*, 20 Neb., 631; *O'Leary v. Iskey*, 12 Neb., 136.) An instruction assuming the existence of a material fact is erroneous. (*Paine v. Kohl*, 14 Neb., 581; *Newton Wagon Co. v. Diers*, 10 Id., 284; *Hand v. Langland*, 25 N. W. Rep., 122; *Lewis v. Rice*, 27 Id., 867; *People v. Hare*, 24 Id., 843; *Express Co. v. Jenkins*, 25 Id., 549; *Duffy v. Hickey*, 23 Id., 707; *McPherson v. Wiswell*, 19 Neb., 117; *Meredith v. Kennard*, 1 Neb., 312; *Meyer v. R. Co.*, 2 Neb., 319.)

*M. F. Harrington*, for defendants in error:

The trial in the county court without objection operated as a waiver of all defects in the affidavit. (*Wilson v. Macklin*, 7 Neb., 52; *Craines v. Cunningham*, 13 Neb., 205; Wells on Replevin, sec. 657; *Smith v. Emerson*, 16 Ind., 355; *Baker v. Dubois*, 32 Mich., 92.) The description is such as would have been good in a chattel mortgage and is sufficient. (*Corbin v. Kincaid*, 33 Kas., 649; *King v. Aultman*, 24 Id., 246; *Mills v. Lumber Co.*, 26 Kas., 574; *Brock v. Barr*, 30 N. W. Rep., 652; *Wheeler v. Becker*, 28 Id., 40; *Foredice v. Rinehart*, 11 Or., 208; Code, sec. 145.)

COBB, J.

This case is brought on error from the district court of Holt county. It was an original action in replevin for the possession of seven head of horses tried to a jury in the

county court of Holt county, with judgment for the defendant, and appealed by the plaintiffs to the district court. The plaintiffs there alleged that they were the owners and entitled to the possession of seven head of horses marked on the left hip with an open A, branded thus "$\Lambda$," three of which have the M cross, branded thus "$\frac{M}{+}$," and valued at $100 each; that the defendant wrongfully detained the property from the possession of the plaintiffs, and had wrongfully detained the same for sixty days, last past, to the damage of the plaintiffs, $100; and the plaintiffs pray judgment for the return of the property, or for the value thereof, and for damages and costs.

The defendant demurred to the petition on the grounds that the facts alleged did not entitle them to judgment; and that the property claimed by plaintiffs was not sufficiently described to warrant taking any testimony as to the ownership of the same; which demurrer was sustained, and the plaintiffs were given leave to amend their petition, alleging that they are copartners doing business in Nebraska under the firm name of Wyatt & Abbington; that they are the owners of and entitled to the immediate possession of the following property: Seven horses branded open A, thus "$\Lambda$," on the left hip, and more particularly described as one bay mare branded open A, thus "$\Lambda$," on left hip, and M cross, thus "$\frac{M}{+}$," on left hip; one bay mare branded open A, thus "$\Lambda$," on left hip, and M cross, "$\frac{M}{+}$," on left hip; said two mares are the only bay mares with said brands in possession of defendant; also two white horses branded open A, thus "$\Lambda$," on left hip, being the only white horses with said brand in the possession of defendant; also one dark brown mare branded open A, thus "$\Lambda$," on left hip, being the only dark brown mare with said brand in the possession of defendant; also one brown horse branded open A, thus "$\Lambda$," on left hip, being the only brown horse with said brand in the possession of defendant; also one yearling colt branded open A, thus "$\Lambda$," on left

hip, being the only yearling colt with said brand in the possession of defendant; of the value of $700, all of said property being detained and kept by the defendant in Holt county, Nebraska, and being the same taken on an order of replevin in the county court and described in the plaintiffs' affidavit for replevin.

The defendant's motion to strike out the amendment was made on the grounds, (1) that it states a different cause of action from the one in the court below; (2) that from it it appears that the property in controversy is not the same as described in the court below, in the affidavit and officer's return; (3) that the issues are not now the same as in the court below; which was overruled. The defendant answered denying each and every allegation of the amended petition. There was a trial to a jury and a verdict with findings that the right of property, and the right of possession thereto at the commencement of this action, were in the plaintiffs, assessing damages at one cent.

The special findings of the jury were:

1. That the plaintiffs, previous to the action, demanded of the defendant possession of the property in controversy, in person.

2. That previous to the action the defendant advised the plaintiffs to bring a replevin suit to recover possession of the property involved.

3. That the defendant refused the plaintiffs absolutely to deliver the property in controversy to them, either with or without proof of plaintiffs' ownership.

4. That the defendant refused to deliver possession of the property to the officer with process without the service of the process.

5. That the plaintiffs made demand, before the beginning of this action, and the defendant refused to give possession of the property involved.

6. That the plaintiffs, in making their demand of defendant for the possession of the property, reasonably explained their claim thereto.

Additional special finding:

That the property described in the petition and in the evidence is the same identical property described in the affidavit of replevin and taken on the order of replevin in the county court of Holt county.

The defendant's motion for a new trial was overruled and judgment for the plaintiffs entered on the verdict; to which the plaintiff in error duly excepted on the record, and brought the cause to this court on an assignment of errors in his petition, numbering twenty.

The first point presented and argued is that the court erred in overruling the defendant's motion to strike out the plaintiffs' amended petition; and he states the substance of his motion to be that the property described in the amendment is not the same property mentioned in the original petition and the affidavit in replevin. If the plaintiff in error is correct in the proposition—if the plaintiffs below declared, in and by their amended petition, for different articles of property in fact from those described in the affidavit for replevin, on which the suit was predicated, then it must be conceded that the objection is well taken, and that error obtained. But on the other hand, if the amendment described the same property, by an additional and more particular description merely, then the point of error does not seem to be well taken; and this is the conclusion to which I have arrived upon a careful examination of the two alternatives. I do not propose to elaborate the point. The petition, which is but little more than a copy of the plaintiff's affidavit, as well as the amendment, is set forth in the statement and will, I think, fully justify the conclusion.

It is true, as stated by counsel, that by the affidavit and original petition the property is described as "seven head of horses," marked with certain brands, and in the amendment, among other descriptive terms, three are described as mares with the same brands, three horses with the same

brands, and one colt with like brand. The generic term horse includes the three species described as horse, mare, and colt; hence is but a more general description of the same animals and does not include other and different animals not marked with the same brand.

In cases where the identity of property is the principal point of controversy, a specific and technical description of articles is frequently deemed necessary, but the exigencies of this case call only for a consistent and convincing description.

The plaintiffs claim to be entitled to the possession of certain live stock of the horse kind found in the possession of defendant, which claim is denied. The right of possession was the sole question to be determined by the jury; and it was only necessary to couple their inquiry with the identical property and not with property answering to a technical equine description. And while it is not my purpose to decide questions not presented, I think it will appear clearly that the error is insignificant, by the observation that the original petition demurred to was fully sufficient for the purposes of recovery in this case. The amendment, however, was no departure from but was a restatement of the original, with unimportant additions; and while unnecessary, as I conceive, it is open to no objection.

While we overrule the objection as inapplicable in this instance, we fully concede the point made by counsel and the correctness of the rule which he cites, "that on the trial of a cause appealed to the district court the same issues should be presented as were presented in the court from whose judgment the appeal was taken."

The second error presented is that the court erred in admitting any evidence whatever on the part of plaintiffs, for the reason that the issues presented in their amended petition were different and contrary from those tried in the court below. If I am correct in the views expressed, it is

but necessary to refer to that fact to dispose of this error without further consideration.

The third error alleged is that the court erred in receiving any evidence to prove the allegation of plaintiffs, for the reason that their original petition did not describe any property with sufficient identity to warrant the court in taking oral testimony to prove the ownership; or, in other words, that the petition "was insufficient to support a judgment." It was probably with this view and in consideration of the authorities cited in support of it that the court below sustained the demurrer to the original petition. If so, then, as I have said in my opinion, the original petition was sufficient; but if not, and the amendment was, as I conceive it to be, only an elaboration and extension of the original and not a departure from it, no objection on that behalf is competent to be taken; and it was upon that that the cause was tried in the district court.

The fourth error is simply a restating of the same proposition and need not be again considered.

The next error presented in the brief is designated the tenth, and is directed to the refusal of the court to give the 5th, 6th, 7th, 8th, 9th, and 13th instructions to the jury asked for by the defendant below, the plaintiff in error.

The court on its own motion charged the jury in five instructions. In the first and second it stated fully and impartially the issues found and joined by the pleadings, and also that the burden of proof devolved on the plaintiffs by a preponderance of all the evidence, that at the time of the commencement of the suit they were the owners and were entitled to the immediate possession of the property described in the first paragraph of the instruction, and that if the plaintiffs had so established their case they should find for them; but that if the plaintiffs had not proven, by such preponderance of evidence, that at the time and before the bringing of this action they were the owners and entitled to the immediate possession of said property,

they should find for the defendant; that the real question was whether the plaintiffs were, at the commencement of the action, entitled to the immediate possession of the property; if they were not, the jury should find for the defendant, for the sufficient reason that he was found in the possession of it at the commencement of the suit.

III. That property stolen may be recovered by the owner from any in whose possession it may be found, and if the jury believed, from evidence, that the plaintiffs, at the beginning of this action, were the owners and entitled to the immediate possession of the property, and that the same had been stolen from them in the county of Cheyenne, Nebraska, and driven to the premises of defendant in Holt county, then, though the defendant may have purchased and paid for the same in perfect good faith, the jury should find for the plaintiffs.

IV. That the jury will be required to answer whether the plaintiffs made a demand for the possession of the property before the beginning of this suit, and in determining that question they will consider all the evidence tending to show a conversation between plaintiffs' representative and defendant before this action was begun, and if they believe, from the evidence, that before the beginning of the suit defendant was informed by the plaintiffs, or one of their partners, that they were the owners of the property and claimed possession of it without suit, this would justify the jury in finding that a demand had been made for possession of the property before suit was begun; or if, during such conversation between a member of plaintiffs' firm and defendant, before suit, such partner informed defendant that plaintiffs were the owners of the property, and desired possession of it, and defendant refused to give it up without suit, then the facts would justify the jury in finding that a demand was made; or if they believe that during such a conversation between said parties, before suit, that the defendant advised the plaintiffs to begin an action of replevin

to recover possession of the property, after having been informed that the plaintiffs were the owners and desired possession of the same, with a reasonable explanation of their claim, then, from such facts or conversation, the jury might find that a demand had been made previous to the bringing of the suit.

V. That possession of personal property raises a presumption of ownership in the person in possession, which may be overcome by evidence, and the jury will give the defendant the benefit of such presumption on account of his possession of the property at the beginning of this suit, and on account of the possession of defendant's vendor, if such possession has been proven, but if the plaintiffs have proven by a preponderance of all the evidence that, at the time of the bringing of the suit, they were the owners and entitled to the immediate possession of the property, then such possession of the defendant, or of his vendor, would be of no avail, and the jury should find for the plaintiffs. If, however, the plaintiffs have not made out their case by a preponderance of all the evidence, then the possession alone of defendant would entitle him to prevail, and the verdict would be for defendant.

The court also, at the request of the defendant, gave to the jury six additional instructions. In the first, were re-stated the issues of the case; in the second, that they were the sole judges of the credibility of witnesses, and of the weight to be given to each and all of them, and were not bound to take the testimony of any as absolutely true, if from all the evidence they did not believe it, and should not do so, if satisfied, from all facts and circumstances, that such witness is mistaken in the matter testified to; in the third, that the preponderance of evidence is not alone determined by the number of witnesses testifying to particular facts; and in determining that preponderance the jury were to consider the opportunities of the witnesses for seeing or knowing that to which they testified, their con-

duct and demeanor while testifying, their interest or unconcern in the result, the probability or improbability of the truth of their statements, in view of all other facts and circumstances of the trial, and from all of these considerations determine upon which side are the weight and preponderance of the evidence; in the fourth, that while the statute renders parties to a suit competent witnesses, the jury are the judges of the credibility and weight of their testimony, and in determining both, the fact that they are interested in the result, if it so appears, may be taken by the jury, and be given only such weight as they think it entitled to, under all the circumstances and evidence of the case, and in view of the interest of the witness; in the tenth of the series, fifth given, the jury were again instructed as to the presumptions arising from defendant's possession of the property at the time of the bringing of the suit, and that unless and until the plaintiffs shall have established their right to the same, and if the plaintiffs had failed to establish such right, they would find for the defendant, whether he offered any evidence or not; in the twelfth of the series, sixth given, that a demand by the officer who served the writ, or a demand by the plaintiffs, at that time would be too late; that the demand must be made before any process is issued.

As before stated, the court refused of the defendant's series Nos. 5, 6, 7, 8, 9, 11, and 13.

In the fifth, the court was asked to instruct that the defendant, being in possession, was presumed to be the owner, and would be protected in such possession, and no defect in title would warrant the jury in giving the property to the plaintiffs, who must rely solely on the strength of their own title, to be proven by a preponderance of the evidence.

This was properly refused; a sufficient reason is that the jury had been twice charged on the subject, first by the court voluntarily, and again, at the defendant's request, in the tenth instruction.

In the sixth, it was asked to repeat substantially the presumptions in favor of the defendant's possession of the property which had been twice given and once refused, and was deemed supererogation.  In the seventh, the fifth and sixth were repeated, and it was necessarily refused.  In the eighth, that it was not enough that the plaintiffs proved themselves the owners of and entitled to the possession of property of the same kind, quality, and of like description of that in controversy, but must prove by a preponderance of the evidence that they are the owners of the identical property.

I see no objection to the affirmative of this proposition, but the correlative of it had already been given in better sense and less objectionable form.  It does not state the law; nor is it true, as a maxim, that the ownership of property must necessarily be proven to maintain the action of replevin.  But the right to its immediate possession must always be proven to abide in the plaintiff to enable him to recover.  It by no means follows that the general owner, and no other, is entitled to the immediate possession of property.  There was no error in the refusal to give the instruction in the language presented.

In the ninth, that the fact that defendant bought the property of a stranger, who had left the country, raised no presumption that the property was stolen by the stranger. Having it in possession, he was presumed to be the owner until the contrary is shown.

The law of this proposition had been sufficiently given ; its terms were objectionable as being voluntary and argumentative and were properly refused.

In the eleventh, that if the jury find that the defendant came lawfully into possession of the property they should find for defendant, unless they further find that the plaintiffs, prior to the bringing of the suit, made a demand for the property and the defendant refused to surrender it.

The court had fully and impartially charged the jury on the propositions of possession and demand for possession

of the property, and the application of the evidence therein. No further instructions seem to have been needed. Had it been of importance, the instruction presented was objectionable, for it was not necessary to prove, in any alternative, that the defendant refused to surrender the property on demand; that he failed to surrender it is all that need appear.

And in the thirteenth the court was asked to instruct that if the jury found that a demand was made for the property, and found further that the refusal to surrender possession was accompanied with a statement by defendant that he would surrender it upon reasonable proof of plaintiff's right to it, and should find further that the action was begun before such reasonable proof was furnished, then they would find for the defendant; that the demand must be certain, and the refusal absolute.

As before said, the jury had been impartially charged on this branch of the case, and on these propositions. It was not error, therefore, to have refused further instructions thereon. Again, also, as has been stated, it is not believed to be the law that a refusal must be absolute in such case; it is the *failure* to comply with the demand which constitutes the right of action, not the meretricious words which precede the failure.

Upon the whole case the jury was fairly instructed, and there does not appear to have been the errors alleged, in giving and refusing instructions, by the court.

The nineteenth and last assignment presented and argued by counsel, in the brief, is that the court erred in not rendering judgment for the possession of the property.

If it were admitted that the judgment in favor of the plaintiffs is not as ample as it should have been, the question would then arise, whether the plaintiff in error is prejudiced thereby; and we answer that he is not. But the judgment is believed to be sufficient. Section 192 of the Code provides that "in all cases, when the prop-

erty has been delivered to the plaintiff, where the jury shall find for the plaintiff on an issue joined, or on inquiry of damages upon a judgment by default, they shall assess adequate damages to the plaintiff for the illegal detention of the property; for which, with costs of suit, the court shall render judgment for defendant." This is the only judgment provided for in this case, and it is believed to be sufficient. The property having already been delivered into the possession of the plaintiffs, the law leaves it there, and possession being the only ground of controversy, the labor of the law is at an end.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.