WEY *et al.* v. CITY BANK OF HOBART *et al.*

No. 931.   Opinion Filed July 11, 1911.

(116 Pac. 943.)

1.     REPLEVIN—Petition—Sufficiency.   Where the petition in re-plevin described the property sued for as ''two young mules,'' held sufficient against a general demurrer.

2.     PLEADING—Insufficiency of Petition—Objection to Evidence. Objection to the introduction of evidence on the ground that the petition does not state a cause of action is equivalent to a demurrer to the petition.

3.     PLEADING—Petition—Uncertainty—Demurrer.   As to a petition being sufficiently definite and certain, that cannot be raised by demurrer.

(Syllabus by the Court.)

*Error from Kiowa County Court; J. W. Mansell, Judge.*

Action by H. C. Wey and others against the City Bank of Hobart and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*George L. Zink* and *Jos. H. Cline,* for plaintiffs in error.

*W. A. Phelps,* for defendants in error.

WILLIAMS, J. This proceeding in error is to review the judgment of the lower court in an action in replevin. The petition described the chattels sued for as "two young mules." It is not contended that in any other respect the allegations are insufficient. A general demurrer was interposed, which was overruled. A motion to make more definite and certain was then presented, which was also overruled. When the plaintiffs offered to introduce their evidence, objection was made thereto on the ground that the petition did not state a cause of action, which was sustained. The petition was good against the general demurrer. *Farwell v. Fox,* 18 Mich. 166; *Proper v. Conkling,* 67 Mich. 244, 34 N. W. 560; *Onstatt v. Ream,* 30 Ind. 259, 95 Am. Dec. 695.

The mortgage upon which the plaintiffs base their right of recovery was attached to the petition and made a part thereof by specific references. As to whether on general demurrer such exhibit may be looked to in aid of the allegations in the petition we do not determine, but see *Pefley v. Johnson,* 30 Neb. 529, 46 N. W. 710; *Hays et al. v. Dennis,* 11 Wash. 360, 39 Pac. 658; *Emeric v. Tams,* 6 Cal. 156; *Whitby v. Rowell,* 82 Cal. 635, 23 Pac. 40, 382; *Savings Bank of San Diego County v. Burns,* 104 Cal. 473, 38 Pac. 102.

An objection to the introduction of evidence on the ground that the petition does not state a cause of action is equivalent to a demurrer to the petition. *Sultz v. Jones,* 3 Okla. 504, 41 Pac. 400.

As to whether a petition is sufficiently definite and certain, that cannot be raised by demurrer. *City of Guthrie v. Shaffer,* 7 Okla. 459, 54 Pac. 698.

The petition of the plaintiffs being good against a general demurrer or an objection to the introduction of evidence on the ground that it did not state a cause of action, the action of the lower court in excluding the evidence offered by the plaintiffs on such ground was erroneous. The action of the trial court

in overruling the motion to require the plaintiffs to make their petition more definite and certain is not properly before us for determination, and for that reason such question is not passed on.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.