## McCONNELL v. WATKINS.

No. 3537.    Opinion Filed May 12, 1914.

(140 Pac. 1167.)

1.    **APPEAL AND ERROR**—Verdict—Review.    Where there is competent evidence reasonably tending to support the verdict of a jury, under proper instructions from the court, this court will not disturb the verdict.

2.    **REPLEVIN**—Animals—Identification,    A verdict in an action of replevin, which describes the animal sued for as ''one three year old dark gray filly,'' sufficiently identifies the animal in controversy, and a judgment based on such verdict will not be set aside, on the ground that the identification is insufficient.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Osage County;*
*C. T. Bennett, Judge.*

Action by F. M. Watkins against W. G. McConnell. Judgment for plaintiff, and defendant brings error. Affirmed.

*S. H. King,* for plaintiff in error.

*J. M. Worten,* for defendant in error.

Opinion by RITTENHOUSE, C.   This is an action to re-plevin a three year old dark gray filly, of the value of $50.   Is-sues were joined, the cause was tried to a jury, and verdict re-turned as follows:

"We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find the issues for the plaintiff, and that the plaintiff at the commencement of said action was the owner and entitled to the immediate possession of one three year old dark gray filly.   Pat Lynn, Foreman."

Judgment was rendered on this verdict, and motion for a new trial overruled.

The assignments of error presented but two questions:

"(1) That the verdict is not sustained by the evidence; and (2) that the verdict is insufficient, in form and substance, to bind the plaintiff in error, and that the verdict is void; that the judg-ment rendered upon such verdict is null and void."

The plaintiff below testified that he was the owner of the animal in controversy; that it was three years old, dark iron-gray in color, and a filly.   Other witnesses testified as to the color, age, and sex of the animal in controversy, and that it belonged to plaintiff.   The defendant offered evidence to show that the animal was not the one owned by the plaintiff.   The testimony was very conflicting as to the identity of the animal.

This court has held in a great number of cases that, although there may be a doubt as to the correctness of the verdict reached by the jury, yet it will not, when the evidence is conflicting, ex-amine and weigh the same to determine where the preponderance of the evidence lies, but will sustain such verdict whenever there is any competent evidence reasonably tending to support the same. *Lynch v. Halsell,* 34 Okla. 307, 125 Pac. 725; *Enid City Ry. Co. v. Reynolds,* 34 Okla. 405, 126 Pac. 193; *Brissey v. Trotter,* 34 Okla. 445, 125 Pac. 1119; *Estee v. Estee,* 34 Okla. 305, 125 Pac. 455.

Under the second assignment raised by the plaintiff in error, it is argued very extensively that to describe the chattel property as "one three year old dark gray filly" is insufficient in law to identify the animal in controversy.   We cannot agree with this contention; a description of an animal, giving its age, sex, and

color, is all that is required; and a verdict of a jury, in an action of replevin, containing such description is sufficient to sustain a judgment.

In *Wey v. City Bank of Hobart,* 29 Okla. 313, 116 Pac. 943, it was held that a petition in replevin which described the chattel sued for as "two young mules" was good as against a demurrer.

In *Onstatt v. Ream,* 30 Ind. 259, 95 Am. Dec. 695, it was held that:

"Description of property in complaint in replevin as 'one white shoat of the value of $14' is sufficiently explicit."

In *Nollkamper v. Wyatt,* 27 Neb. 565, 43 N. W. 357, it was held that chattel property described in an action of replevin as ·"two bay mares five years old" was sufficient. *Pomeroy v. Trimper,* 8 Allen (Mass.) 398, 85 Am. Dec. 714; Wells on Replevin (2d Ed.) c. 7; *Wood v. Darnell,* 1 Ind. App. 215, 27 N. E. 447; ·*Farwell v. Fox,* 18 Mich. 166; *Crum v. Ellison,* 33 Mo. App. 591; Cent. Dig. vol. 42, p. 2244.

We therefore conclude that the verdict sufficiently described the animal in controversy, and that said verdict was in proper form, and a judgment based thereon is valid.

The cause should therefore be affirmed.

By the Court: It is so ordered.