HARTFORD FIRE INSURANCE COMPANY *vs.* FRANK E. STEVENS.

Cumberland.    Opinion January 1, 1924.

*It is well settled that a party may not impeach the general credibility of his own witness; and it is equally well settled that a party is not precluded from showing by other competent evidence the truth in contradiction of the testimony of his own witness.    A directed verdict should be set aside if there is evidence in the case which would sustain a contrary verdict should such be rendered by a jury.    Where defendant, in a replevin action, pleads title in himself, he waives his right to question the matter of description of the property as set out in the writ.*

In this case the defendant relies on plaintiff's inability to prove the numbers, the color of the car, or kind of tire, as stated in the writ.    This ground is not well taken.    If such defense should be sustained, it would open the way for a wider practice of an evil now too prevalent.    A stolen car, if the thief has the time and the skill, is always changed in the very details mentioned.

What constitutes a sufficient description of the property in an action of replevin must in a great measure depend upon the particular facts of each case, but, generally speaking, it must be described with a reasonable degree of certainty, sufficiently definite to enable the property to be positively identified.

The underlying principle as shown by the cases is, that if trial may be had on the merits of the case, and the defects in the pleading may be amended or cured by subsequent pleas or proceedings, the action should not be dismissed.

On exceptions by plaintiff. An action of replevin to recover the possession of a Buick coupe. One James W. Holt of Medford, Massachusetts, owned a Buick coupe, 1922 model, and on the night of April 6, 1922, he left the car in front of a hall in Somerville, Massachusetts, and entered the building and while he was therein the car was stolen. The plaintiff paid to him $2,000 insurance it had on the car and took from him a bill of sale of the car, describing it as one 1922 Buick coupe, No. 783506; Motor No. 790915. Two days later, viz., April 8, 1922, one William J. Parker of Portland, Maine, gave a bill of sale of one Buick coupe, Motor No. 790815, to The Atlantic Automobile Sales Company, located at said Portland. On April 23, 1922, The Atlantic Automobile Sales Company sold to defendant the car it bought of said Parker. On September 8, 1922, the plaintiff brought this action and replevied the car sold to defendant by The Atlantic Automobile Sales Company, claiming that it was the same car formerly owned by the said James W. Holt and from him stolen. The case was tried before a jury, and after the conclusion of the testimony and arguments of counsel to the jury, the presiding Justice directed a verdict for the defendant, and plaintiff excepted. Plaintiff also excepted to the exclusion of evidence to establish a fact which was in contradiction to the testimony of a witness called by the plaintiff. Exceptions sustained. Verdict set aside.

The case is stated at length in the opinion.

*James H. McCann*, for plaintiff.

*William A. Connellan and Ralph M. Ingalls*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, MORRILL, WILSON, JJ.

HANSON, J. This was an action of replevin and is before the court on plaintiff's exceptions. The exceptions state the facts and questions raised as follows:—

"The plaintiff claimed that the automobile was owned on April 6, 1922, by James W. Holt, of Medford, Middlesex County, State of Massachusetts, and was stolen from Holt on that day. The plaintiff was Holt's insurer against such a loss. It later paid Holt his loss, and also took from him a bill of sale of Holt's Buick automobile. On April 8, 1922, one William J. Parker gave a bill of sale of a Buick coupe to a corporation known as The Atlantic Automobile

Sales Company in the office of an attorney in Portland, Maine. On April 23d, The Atlantic Automobile Sales Company gave a bill of sale, through its Treasurer, David Tarshis, of the Buick coupe it received from said Parker, to Dr. Frank E. Stevens, of Bridgton, Maine, the defendant. The plaintiff replevied said Buick coupe, claiming that the automobile transferred by said Parker to The Atlantic Automobile Sales Co. on April 8th, 1922, was the same automobile stolen from James W. Holt on April 6th, 1922.

"The plaintiff called as a witness David Tarshis, who demonstrated and sold to the defendant the replevied car. Plaintiff endeavored to show by this witness, Tarshis, that three months previously, he, Tarshis, had declared that he, certain personal property before then within said State feloniously stolen, taken and carried away, feloniously did buy, receive and aid in concealing one Buick coupe, 1922 model, the original serial number of which was 783506, the present serial number being 783508, the original motor number was 790515, the present motor number being 790815; of the value of one thousand dollars, of the property of one James W. Holt. The answer of the witness was in the negative.

"Plaintiff then claimed the right to prove that Tarshis had pleaded guilty to receiving the Holt automobile, the Buick car replevied in this action, counsel stating the reason as follows: 'Because it is already established as a fact, and inasmuch as the witness denies it, then it can be shown under the rule that you can clearly by other competent evidence, by other evidence or other witnesses, establish the fact which the witness at the present time denies as being true. I may rely upon the conviction as the existence of a fact.' After discussion between the Court and counsel on both sides on the matter, the question was asked, after the above reason for its being asked had been stated: Question (by plaintiff's counsel) 'May it please the Court, that the matter may be made clear, I now offer to prove by Mr. Tapley, the clerk of this Court, the record of an indictment found against this witness (David Tarshis), charging him with receiving stolen goods, and in which the automobile in question is specifically described; said record containing his plea of guilty thereto in open court at the September Term of this year.' (September, 1922, is referred to).

"Defendant objected to the admission of such evidence and same was excluded by ruling of the Court."

"EXCEPTION 2. After the evidence in the case was closed, and following arguments to the jury by counsel for the defendant, and counsel for the plaintiff, the defendant addressed a motion to the Honorable Court to direct a verdict in favor of the defendant. The Honorable Court granted said motion, and instructed the jury. to return a verdict for the defendant, which was done. Plaintiff duly excepted."

The officer was commanded to replevy "one automobile, Buick coupe, year 1922, Model 22-48, which plaintiff says was owned on April 6, 1922, by James W. Holt, of Medford, in Middlesex County, State of Massachusetts, and stolen on the same day at Somerville, in said Middlesex County. The plaintiff succeeded said Holt in title by reason of being his insurer against theft, perfecting its title thereto by payment of theft insurance." The declaration then recites the original numbers on the car, and the numbers as changed, the color of the body of the car, the kind of lock, and tires. The defendant relies on plaintiff's inability to prove the numbers, the color of the car or kind of tire, as stated in the writ.

We are of opinion that the ground is not well taken. If such defense should be sustained, it would open the way for a wider practice of an evil now too prevalent. A stolen car, if the thief has the time and the skill, is always changed in the very details mentioned. The items referred to might all be removed and leave no distinguishing number, or tire, or lock, and the color even may be changed. If such removal and changes were sufficient under the law to prevent an owner from identifying his property in a suit for its recovery, he would be without a remedy. The law does not so intend. It follows logs sawed  into boards and returns them to the owners. *Wingate* v. *Smith*, 20 Maine, 287. If all the numbers had been removed, if the color had been changed, the lock and tires removed, it was still an automobile; the class, the identity, had not been changed, and its ownership, history and identity were open to proof. With regard to the quality or species of the goods, the plaintiff is perhaps bound to prove the fact as laid, but with regard to the number or value of the goods, he may prove less than he charges in his declaration, but he cannot prove more. Chitty on Pleading, Volume 1, Section 378. The words describing the numbers, lock and tires could have been omitted; and the description remain well

within the rule laid down in *Musgrave* v. *Farren*, 92 Maine, 202, for the automobile would then be described with reasonable certainty.

Defendant's counsel in their brief contend further "that the pleader in the matter of description went far beyond what is required by law. Nevertheless, he then and there assumed the burden of proving each and every fact so alleged, and his failure so to do would be fatal to his case," and cite *Commonwealth* v. *Lloyd Wellington*, 7 Allen, 299, in support of their position. The case cited was an indictment for wrongfully desecrating and disfiguring a public burying ground. The burial ground was described in the indictment by "metes and bounds with minuteness and particularity." Evidence was introduced upon the trial tending to show that there had been many interments in some parts of the lot of land thus described. The defendant contended that this evidence was insufficient to show that the whole of the lot had ever been used or occupied or appropriated as a burying ground; that there was a fatal variance between the fact proved and the allegation in the indictment, and for that reason a verdict ought not to be rendered against him. The court held substantially as claimed under the rule that "whenever a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of the description must be proved; *for they are essential to its identity.*" In support of its conclusion the court cites *United States* v. *Howard*, 3 Sumner, 14, where the court say, "that the rule seems to be fully established, both in civil and criminal cases, with respect to what statements in the declaration or indictment are necessary to be proved, that if the whole of the statement can be stricken out without destroying the accusation and charge in the one case, and the plaintiff's cause of action in the other, it is not necessary to prove the particular allegation; but if the whole cannot be stricken out without getting rid of a part essential to the cause of action, then, though the averment be more particular than it need have been, the whole must be proved, or the action or indictment cannot be maintained." That finding was made sixty years since, based upon a then long standing rule of practice and procedure, but even then courts had begun to relax the stringency of the rule in civil cases at least, and were seeking a way to reach the issue in a case, stripped in some measure of technicalities that hindered and delayed the course of justice. The rule indeed was not itself so inflexible as counsel contends, for it excepted

cases where, if surplusage and unnecessary allegations could be eliminated without destroying the plaintiff's right of action in a civil case, the action could be maintained.

The defendant in his brief statement pleaded property in himself in these words,—"that the one certain automobile taken by the plaintiff under and by virtue of the writ in this case, was the property of the defendant, said Frank E. Stevens, and not the property of the plaintiff." That by so pleading he waived his right now to question the matter of description is well settled.

As to description of the property. "The declaration in this action, which is local, requires certainty in the description of the place where the distress was taken; and the description, number and value of the goods also must be stated with certainty although the same strictness does not prevail as formerly." Chitty on Pleading, 16th Ed., Volume 1, Section 185. A declaration defective in these particulars is cured "by an avowry justifying the taking of the said goods and chattels in the said close," &c., &c., note to the above, citing among other cases *Gardner* v. *Lane,* 9 Allen, 492, 500; and *Pomeroy* v. *Trimper,* 8 Allen, 398. "What will constitute a sufficient description of the property in a complaint in replevin must in a great measure depend upon the particular facts of each case, but, generally speaking, it must be described with a reasonable degree of certainty, sufficiently definite to enable the property to be positively identified." Ency. Pleading & Practice, Page 534. In *Stevens* v. *Osman,* 1 Mich., 92, it was held that "defects in Writ of Replevin must be taken advantage of by special demurrer, as the description would be held sufficient after verdict; it would also be deemed sufficient if the defendant had avowed or pleaded property in himself, as there would then be no controversy between the parties as to what the goods were." "The strictness of the old rule is now somewhat modified, and it is held that certainty to a general intent is sufficient, particularly after verdict." Morris on Replevin, 131; note to *Stevens* v. *Osman,* 1 Mich., 92, supra; 23 R. C. L., 930. If the defendant pleads property in himself, any defect in the description is waived, as there would then be no controversy between the parties as to what the goods were." 23 R. C. L., 930, Section 98. If a subject comprehends multiplicity of matter, and a great variety of facts, general pleading is allowed, in order to avoid prolixity. And even though a plea is meager in its statement of facts, if no exception is made, it may be sufficient to

require the court to submit to the jury the issue sought to be raised by it. The usual test as to the declaration is that it should state the cause of action with such a reasonable degree of certainty as will give fair notice to the defendant of the character of the claim or demand made against him so as to enable him to prepare for his defense. 21 R. C. L., 9, Note 6. Allegations, although not strictly necessary to the complaint, but tending more fully to state the claim, will not be expunged. In general, a motion is the proper method to get rid of immaterial, redundant, or superfluous matter; but if a plaintiff avers more than is necessary, and fails to sustain immaterial and redundant averments, but does prove all the material facts on which a right to relief is based, and no motion to correct the pleading has been made, it will be treated as sufficient, and the surplus allegations disregarded. And this is the rule especially ·after verdict. Id. Paragraph 18 and Note. In an action of replevin, the writ must specify the particular property to be replevied, and describe it with a reasonable degree of certainty, in order that the property may be identified and delivered to the plaintiff. *Musgrave* v. *Farren,* 92 Maine, 202, supra. In *Litchman et al.* v. *Potter,* 116 Mass., 371, the officer was directed to replevy the contents of a grocery store, and upon the question of description of the property to be replevied the court say:—"The goods ordinarily contained in such a store are too numerous and varied to be enumerated in detail. The store is pointed out, and the goods are further described as now taken and held by a deputy sheriff as the property of another. This is a sufficient description to inform the officer and to furnish the means of clearly identifying the property; and that it was so identified appears by the agreement of the parties as to the value." "The underlying principle as shown by the cases is: That if trial may be had on the merits of the case, and the defects in the pleading may be amended or cured by subsequent pleas or proceedings, the action should not be dismissed." *Littlefield* v. *Railroad Co.,* 104 Maine, 132; Cyc., Volume 14, Pages 440-1.

FIRST EXCEPTION:

An automobile had been stolen. Every person connected with the case knew that it was the automobile replevied. Tarshis had pleaded guilty to having received the stolen automobile. On the stand, on

being questioned by plaintiff's counsel, who had called him, he denied having so pleaded. The plaintiff sought to show that he had stated differently at the former trial, and offered to prove the same by the introduction of the record. The court excluded the testimony, and the plaintiff excepted. While it is well settled that a party calling a witness may not impeach his general credibility, it is equally well settled that a party calling a witness who misstates a particular fact, is not precluded from showing by other competent evidence the truth of the fact, in contradiction to the testimony of his own witness. *Morrell* v. *Kimball,* 1 Maine, 324; *Hall* v. *Houghton,* 37 Maine, 411; *Brown* v. *Osgood,* 25 Maine, 511; *State* v. *Knight,* 43 Maine, 135, citing *Bradley* v. *Ricardo,* 8 Bing., 220. The cases are practically in accord in holding that a party who is surprised by unfavorable testimony given by his own witness may interrogate such witness as to previous inconsistent statements made by him. 28 R. C. L., 642, 644. And even in a criminal prosecution the government for the purpose of contradicting a witness called by it, at the trial of an indictment, may prove that he testified differently before the grand jury. *Com.* v. *Chance,* 174 Mass., 245. The rule restated in *State* v. *Sanborn,* 120 Maine, 170, is applicable in the instant case, "that he who calls a witness may not by general evidence impeach his competency or credibility, if his testimony be disappointing. But this rule never contemplated that the truth should be shut out and justice prevented. It does not prevent the showing by other witnesses, or by the direct or redirect examination, that the facts are otherwise than the witness testified to. There is no principle of law or of justice which prevents one from availing himself of the truth of his case, although the credit of his own witness may thereby be impeached." This exception is sustained.

2. Exception to directing a verdict for defendant. The plaintiff introduced Mr. Holt, the former owner, who testified to several distinguishing marks on the automobile and who positively identified the same as the automobile stolen while owned by him. This testimony was not shaken, but rather strengthened, by a severe cross-examination, and no testimony was introduced in contradiction to the important facts testified to by him. The defendant did not testify, and introduced but one witness, Mr. Stubbs, who testified to but one fact of the many testified to by the plaintiff and his witnesses.

It is very evident, therefore, that there was testimony which should have been passed upon by the jury aside from that attempted to be shown by the witness Tarshis, and that a contrary verdict based on the same would stand. *Young* v. *Chandler*, 102 Maine, 253; *Johnson* v. *New York, New Haven & Hartford R. R.*, 111 Maine, 265.

In view of the authorities, and in further view of the manifest injustice entailed to hold otherwise, the second exception is sustained.

The entry will be,

*Exceptions sustained.*
*Verdict set aside*