## C. W. CULP v. SOLON STEERE *et al.*

1. WARRANTY—*Action for Breach—Amendment of Petition.* The plaintiffs commenced an action against the defendant for damages resulting from the purchase and sale of a horse which was purchased by the plaintiff and sold by the defendant for a particular purpose, but was worthless for that purpose; and this transaction was brought about by the wrongful statements of the defendant. Afterward the court permitted the plaintiffs to so amend their petition as to show that these wrongful statements included an express warranty that the horse was fit for the purpose for which he was bought and sold, but at the same time imposed upon the plaintiffs substantially all the

costs made in the case up to the time of making the amendment. *Held*, That the court did not err in permitting the amendment.

2. ACTION, *Not Barred*. The action was brought within proper time so as not to be barred by any statute of limitations, but the amendment was not made until more than three years had elapsed after the purchase and sale of the horse, and the plaintiffs recovered in the action. *Held*, That the cause of action upon which the plaintiff recovered was not barred by any statute of limitations.

3. NEW TRIAL—*Amendment of Motion*. The defendant filed his motion for a new trial within proper time; but more than three days thereafter, and indeed nearly two months thereafter, he asked leave of the court to amend his motion for a new trial by adding thereto the following, to wit: "Errors of law occurring at the trial and excepted to by the defendant," which leave was refused by the court. *Held*, Not error.

*Error from Mitchell District Court.*

THE opinion states the case.

*W. D. Webb*, and *Grant W. Harrington*, for plaintiff in error.

*A. H. Ellis*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Mitchell county on March 16, 1886, by Solon Steere, and a large number of other plaintiffs, as copartners under the name and style of "The Asherville Breeders' Association," against C. W. Culp, to recover damages resulting from the purchase and sale of an alleged worthless horse. The material portion of the petition, so far as any question is raised upon it, reads as follows:

"That in the month of March, 1884, said plaintiffs bought of said defendant one dark chestnut stallion, known as 'Jean Bart,' for the purpose of keeping and standing him as a stallion, of covering mares and getting colts; that it was well understood by said defendant that plaintiffs were purchasing said stallion for the purpose named above, and was sold by said defendant to said plaintiffs for the purpose of being used as a stallion; that at the time of said sale plaintiffs relied upon and traded with said defendant upon the assurance given by said defendant that said Jean Bart, the stallion aforesaid, was a

sure foal-getter, and was suited for and fitted for the purpose of begetting offspring, and that up to the time and at the time of said sale said plaintiffs did not know nor have any means of knowing that said stallion was impotent and barren. Plaintiffs say that at the time of said sale, and ever since, said stallion was utterly worthless for the purpose for which it was bought, being impotent and unable to beget any offspring."

On October 30, 1886, the plaintiffs amended their petition so as to correct some of the supposed defects therein. On November 20, 1886, the defendant answered thereto. On October 7, 1887, a trial was commenced before the court and a jury upon these pleadings. On October 11, 1887, after the parties had completed the introduction of their testimony, and before the argument of the case to the jury had been commenced, the plaintiffs asked leave of the court to again amend their petition, and the court granted such leave; but the defendant objected, and announced that he could not be ready for trial if the proposed amendments to the plaintiffs' petition were made, and thereupon the court discharged the jury and granted a continuance of the case until the next term of the court, and imposed all the costs in the case not otherwise adjudicated upon the plaintiffs. The court gave leave to the plaintiffs till November 15, 1887, within which to amend their petition, and gave leave to the defendant till December 15, 1887, within which to answer; and afterward, and on November 14, 1887, the plaintiffs amended their petition by filing a second amended petition, the material portion of which, so far as any question is raised thereon, reads as follows:

"That during the month of March, 1884, the said plaintiffs bought of the said defendant, for the price of $2,500 then paid by the plaintiffs to the defendant, one certain dapple-gray stallion named 'Jean Bart;' that the said stallion was purchased for the express and only purpose of keeping and standing him as a stallion, covering mares and getting colts; that at the time of the said purchase the said defendant was informed and knew that the said plaintiffs were purchasing said stallion for the purpose above named, and the same was sold by the said defendant to these plaintiffs for the said purposes; that the said defendant at the time of the said sale, and as a

part of the terms and consideration of said contract of sale, then and there represented, promised and warranted to these plaintiffs that the said stallion was a sound, healthy horse, perfect in all his parts, and that he was a good breeder and a sure foal - getter; that at the time of the said sale the said plaintiffs, relying upon and confiding in the said representations, promise and warranty of the said defendant, purchased the said stallion, and paid therefor the sum of $2,500 to the said defendant; that at the time of the said sale, representations, promise, and warranty, the said stallion was utterly worthless, and unfit for the purposes for which he was purchased as aforesaid, and that he then was barren and impotent, useless and valueless as a breeder and foal-getter; that by reason of the premises, the plaintiffs were misled and injured, and have sustained damages to the amount of $2,500."

On December 14, 1887, the defendant moved to strike the amended petition from the files, for the reason that the cause of action set forth in the original petition was one of tort, founded upon deceit and false representations, while the cause of action set forth in the last amended petition is one on contract, and founded upon an alleged breach of warranty, which motion was by the court overruled, and on March 9, 1888, the defendant answered, and on March 15, 1888, he amended his answer. On March 30, 1888, the plaintiffs replied. Afterward, and from May 7 to 11, 1888, a trial was had before the court and a jury upon the last-mentioned petition, answer, and reply, which trial resulted in a general verdict in favor of the plaintiffs and against the defendant for the sum of $2,300; and the jury also, in response to special interrogatories presented to them, made special findings of fact. On May 14, 1888, the defendant filed a motion for a new trial, which reads as follows;

"Now comes the defendant, C. W. Culp, by his attorneys, and moves the court to vacate the verdict in said action, and grant the said defendant a new trial in the same, for the following reasons, to wit:

"1. The court erred in refusing the motion of the defendant, filed December 14, 1887, to strike from the files of said action the paper denominated an 'amended petition,' filed in said action November 14, 1887.

"2. In refusing to admit the evidence offered on the trial of the said action in support of the defense set up in the second subdivision of the defendant's answer, in which the defendant claims that the plaintiffs, under pretense of amendment, changed their cause of action from one founded on tort to one founded on a contract; said refusal to admit such evidence being duly excepted to on the trial.

"3. In permitting the plaintiffs to amend their amended petition after having fully tried the case, and when nothing remained to be done but to submit the issues to the jury; and in permitting the plaintiffs to take advantage of the privilege of amendment so obtained, by changing their cause of action from an action founded upon false representations to an action founded upon an express contract and warranty."

On July 7, 1888, the defendant asked leave of the court to amend his motion for a new trial by adding thereto the following, to wit:

"4. Errors of law occurring at the trial and excepted to by the defendant."

Which leave was refused by the court; and on the same day the motion for the new trial was overruled by the court, and the court then rendered judgment in favor of the plaintiffs and against the defendant in accordance with the general verdict and special findings of the jury; and on July 5, 1889, the defendant, as plaintiff in error, brought the case to this court for review, making the plaintiffs below defendants in error.

The principal alleged error is the permission given by the court below to the plaintiffs below, defendants in error, to amend their petition as it was amended on November 14, 1887. It is claimed that by this amendment the plaintiffs wholly changed their cause of action from one of tort, founded upon fraud and deceit, to one on contract, founded upon an alleged breach of warranty. The provisions of our statute authorizing amendments are very broad, liberal, and comprehensive. (Civil Code, § 139.) About the only limitations upon making amendments are, that they shall be made only "in furtherance of justice, and on such terms as may be

proper;" and if of pleadings, that the amendments shall "not change substantially the claim or defense." The amendment in the present case cannot be said, by the defendant below, not to be in furtherance of justice and on proper terms, for the court below, as a condition to making the amendment, imposed upon the plaintiffs substantially all the costs made in the case up to the time of making the amend-

1. Warranty—action for breach —amendment of petition.

ment; and we do not think that the amendment changed substantially the plaintiffs' claim. The statute does not provide that the amendment shall not change the form of the action or cause of action, but it simply provides that the amendment shall not "change substantially the claim or defense." Now we do not think that the claim of the plaintiffs in the present case was changed substantially by the amendment. The original petition attempted to set forth a cause of action for the recovery of damages resulting from the purchase and sale of a worthless horse, such purchase and sale being brought about by the wrongful statements of the defendant, and the amended petition set forth a cause of action for substantially the same thing. The principal wrongs alleged in the amended petition were the wrongful statements made by the defendant, including a warranty that the horse was sound and good for the purposes for which he was bought and sold, when in fact he was not such a horse as he was warranted to be, and therefore that there was a breach of the warranty at the very time of the purchase and sale, for which breach the defendant was and is liable. In Ohio it has been held that the restriction upon amendments contained in their code, that the proposed amendment "must not change substantially the claim or defense," does not refer to the form of the remedy but to the general identity of the transaction forming the cause of the complaint. (*Spice v. Steinruck*, 14 Ohio St. 213.) Also, as the amendment was permissible and was in fact made, and as the plaintiffs' action was commenced within much less than three years and perhaps less than two

Culp v. Steere.

2. Action, not barred. years after the original cause of action accrued, there is no room for claiming that the cause of action upon which the plaintiffs recovered was barred at the time by the operation of any statute of limitations.

It seems to be further claimed that the court below erred in refusing to permit the defendant below, plaintiff in error, to amend his motion for a new trial by alleging 'errors of law occurring at the trial and excepted to by the defendant.' No 3. New trial—amendment of motion. such error was committed. A motion for a new trial including such a ground must be filed within three days after the verdict is rendered, unless the party desiring to file the same is unavoidably prevented from filing it within that time. (Civil Code, § 308.) And there is no pretense that the defendant below in this case was unavoidably prevented from filing his motion for a new trial including this ground within less than three days. The defendant waited almost two months before he attempted to interpose any such ground for a new trial, and he was too late. The decision of this question also disposes of the claims of error attempted to be presented in this court by the defendant below, plaintiff in error, with respect to the rulings of the court below occurring at the trial, in other particulars than those mentioned in subdivision 2 of the defendant's motion for a new trial. The first-mentioned rulings we cannot consider.

The judgment of the court below will be affirmed.

All the Justices concurring.