### McDANIEL v. MONROE BROS.

1. PLEADINGS—COMPLAINT—AMENDMENT—CAUSE OF ACTION.—Refusal to strike out of a complaint amended within the time allowed by the Code, a cause of action stated as the allegations of original complaint, if error is harmless, and a complaint may be so amended by inserting another cause of action substantially different from that stated in the original complaint.

2. IBID.—IBID.—CAUSE OF ACTION—DAMAGES.—Facts stated in complaint here held to be sufficient to state a cause of action for punitive damages for violating penal statute, in buying cotton and not paying for it.

3. CHARGE that "if the truth comes from the lips of a negro, you are bound to believe it just as much as if it comes from the lips of a white man," is not a charge on the facts.

Before WATTS, J., March, 1900, and BENET, J., March, 1901, Anderson.   Affirmed.

Action by Abe McDaniel against Monroe Bros. From judgment for plaintiff, defendants appeal.

*Messrs. Breazeale & Rucker,* for appellants, cite: *As to motion to dismiss amended complaint:* 21 S. C., 221, 226; 19 S. C., 560; 24 S. C., 165; 29 S. C., 124. *Ordinarily punitive damages are not recoverable in actions for breach of contract:* 12 Ency., 20; 1 Hill on Torts, 451; 28 S. C., 373; 20 S. C., 514; 15 S. C., 88; 54 S. C., 498; 53 S. C., 410; 40 S. C., 524; Cooley on Torts, 106; Pom. Rem. & Rem. Rights, 567-573; 2 Add. on Torts, 1386.

*Messrs. R. A. Cooper* and *Bonham & Watkins,* contra.

April 1, 1902. The opinion of the Court was delivered by

Mr. Chief Justice McIver. This was an action to recover an alleged balance due on the sale of a bale of cotton, sold and delivered by the plaintiff to the defendants. The complaint as originally framed stated only one cause of action, based upon the alleged sale and delivery of the cotton at a specified price, and the failure and refusal of the defendants to pay anything more than a very small part of the amount due, and judgment was demanded for the balance due. Within the time allowed the plaintiff to amend his complaint, as a matter of course, the plaintiff filed an amended complaint, purporting to state two causes of action, the first being substantially the same as that stated in the original complaint, and the second (omitting the allegation of the partnership between the defendants) being stated as follows: "That on or about the 11th day of November, 1899, the said Monroe Brothers, being engaged in the business of buying cotton on their own accord, bought for cash from the plaintiff, who is a planter, one bale of cotton weighing 455 pounds, at the price of 7 9-20 cents per pound, amounting in the aggregate to the sum of $33.90, and they failed and refused, and do fail and refuse, to pay to plaintiff except the

sum of $2.35; and said defendants wilfully and wantonly and maliciously, and with a high nature and defiant spirit, and in contravention of plaintiff's rights, and intending to injure and oppress the plaintiff, did make way with and dispose of such cotton before paying for the same, to plaintiff's damage $200, and judgment was demanded for the sum of $31.55 (the balance due on the sale of the cotton) and $200 punitive damages."

The defendants gave notice that they would move before his Honor, Judge Watts, at a time and place stated, "for an order to strike from the record the amended complaint herein on the ground that the first cause of action in said amended complaint is essentially the same as the cause of action set forth in the original complaint, and, therefore, no amendment; and the second cause of action set forth in the amended complaint changes substantially the nature of the original cause of action, in that the alleged cause set forth in the original complaint is an action on contract, while the second cause of action set forth in the amended complaint is an action in tort." This motion was refused, and the defendants thereupon filed their answer setting up several defenses, which need not be stated here as none of the questions raised by this appeal relate to these defenses. The case came on for trial before his Honor, Judge Benet, when the defendants demurred to the second cause of action upon the ground that the facts stated therein were not sufficient to constitute a cause of action, which demurrer was overruled and the trial proceeded, resulting in a verdict in favor of the plaintiff, in the following form: "We find for the plaintiff $31.50 and $8.50 punitive damages—in all $40.00."

A motion for a new trial on the minutes was made and refused, and thereupon it is stated that counsel for defendants "gave due notice of his intention to appeal to this Court, and now does appeal upon the following grounds of error:

"I. Because his Honor, Judge Watts, erred in not holding that the amended complaint should be stricken from the record, because the first cause of action therein set forth was

substantially the same as that contained in the original com-
plaint, and was, therefore, no amendment, and the second
cause of action changed substantially the nature of the origi-
nal cause of action, in that the said cause of action set forth
in the original complaint was an action upon contract, and
the cause of action in the amended complaint, in the second
cause of action, is an action in tort.

"II. Because his Honor, Judge Benet, erred in overruling
the oral demurrer on the second cause of action of the
amended complaint, interposed upon the ground that the said
cause of action did not state facts sufficient to constitute a
cause of action, and his holding that a cause of action was
properly stated therein.

"III. Because his Honor, Judge Benet, erred in charging
the jury, 'If the truth comes from the lips of a negro, you
are bound to believe it just as much as if it comes from the
lips of a white man;' such charge being a charge upon the
facts of the case and prejudicial to the defendants, in contra-
vention of sec. 26, art. V., of the State Constitution."

We may remark in the outset that we might very well
avoid any consideration of this appeal, for the "Case" as
prepared for argument here does not show that any final
judgment has been entered from which an appeal could be
taken; and this, as has been more than once held, would be
fatal to this appeal.    But waiving this, we will *ex gratia*
proceed to dispose of the questions which we understand to
be made by this appeal.    While it is stated in the "Case"
that a motion for a new trial on the minutes was made and
refused, it is not stated what were the grounds upon which
such motion was based, nor does it appear why such motion
was refused, nor is any error imputed to the Circuit Judge
in refusing such motion.    We must, therefore, confine our
attention to the assignments of error in the paper styled
"Grounds of Error," which we have been careful to copy in
full.

The first of these grounds seems to impute two errors
to Judge Watts, in refusing the motion to strike the

amended complaint from the record: 1st. Because the first cause of action as set forth in the amended complaint was substantially the same as that contained in the original complaint, and was, therefore, no amendment. 2d. Because the second cause of action (as it is termed) changed substantially the original claim. As to the first assignment of error, we do not see that any question of law is presented. At most, it amounts to a mere repetition of the statement made in the original complaint, and what harm it could do appellants it is difficult to perceive, even if it were, strictly speaking, erroneous to refuse the motion to strike out the amendment, yet it does not constitute any reversible error.

As to the second assignment of error contained in what may be called the first exception, it cannot be sustained. It has been held in *Hall* v. *Woodard*, 30 S. C., 564, that the limitation upon the right to amend so as not to change the claim or defense, substantially applies only to an amendment applied for during or after the trial; and as the amendment here in question was not made during or after the trial, but was made during the time allowed a party to amend, as, of course, under sec. 193 of the Code, the limitation provided for in sec. 193 does not apply to this case. The manifest object of the plaintiff in making the amendments in question was to convert his action into an action based upon two causes of action—one for breach of contract and the other for a tort in violating a penal statute, making it a criminal offense for any person engaged in the business of buying cotton, either on his own account or for others, for cash, who shall buy such cotton from a planter, and shall fail or refuse to pay for the same, and shall make way with or dispose of the same before he shall have paid therefor, shall be deemed guilty of fraud and embezzlement, &c. (see act of 1877, 16 Stat., 250, incorporated in Crim. Stat. of 1893 as sec. 283); so that he might not only recover compensatory damages for the breach of the contract upon which the first cause of action is founded, but also punitive or exemplary damages for the

tort, which constitutes the bases of the second cause of action. Whether these two causes of action can properly be united in the same complaint, is not a question before us, as there is no demurrer (the only way in which such a question can be raised) upon the ground of improper joinder of different causes of action. The first exception must, therefore, be overruled.

The second exception imputes error to his Honor, Judge Benet, in overruling the defendant's demurrer to the second cause of action set out in the amended complaint, based upon the ground that the facts therein stated were not sufficient to constitute a cause of action. If the allegations in the amended complaint setting out the second cause of action be compared with the language of the statute above referred to, it will be found that everything necessary to constitute the offense created by the statute is alleged in the amended complaint, and this, it is alleged, was done by the defendant wilfully and wantonly and maliciously, and with intent to injure and oppress the plaintiff, so as to afford a basis for the recovery of exemplary damages. The second exception must be overruled.

The third exception imputes error to Judge Benet in charging upon the facts. The language used by the Circuit Judge upon which this imputation is based is quoted in the exception as set out above, and we are utterly unable to conceive how such language can be regarded as charge upon facts. There is not a single fact therein stated. It is nothing but a statement of an abstract proposition, to wit: that the credibility of a witness is not to be tested by the color of the witness or by the race to which he belongs, and surely no valid objection can be made to such a proposition. It may be that the witnesses for the plaintiff were all negroes (though that fact nowhere appears in the case), and if they were, we still do not see how the language could be regarded as a charge upon the facts. The exception is overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.