# Z. J. FORT PRODUCE CO. v. SOUTHWESTERN GRAIN & PRODUCE CO.

## No. 387.   Opinion Filed March 8, 1910.

### (108 Pac. 386.)

1.  **PLEADING — Amendment — Breach of Warranty—Change of Cause of Action.** Plaintiffs brought an action to recover damages resulting to them from a purchase of a car load of potatoes sold to them by defendant upon the representation and guaranty that they were sound and merchantable; whereas, a great portion of them were rotten, grubby, and unmerchantable. They were permitted to amend their petition to allege that defendant so loaded the car that plaintiff could inspect only the top of same before they were compelled to pay for the car, and that he fraudulently, with the purpose and design to deceive the plaintiffs, had placed upon the top of the car sound potatoes and in the bottom of the car rotten and unmerchantable potatoes, and because of said acts they were damaged, and prayed for damages resulting from the fraudulent acts of defendant. **Held,** that the court did not err in permitting the amendment.

2.  **LIMITATION OF ACTIONS—Discovery of Fraud—Amendments to Petition.** The original petition having been filed within proper time, the cause of action was not barred, although the amended petition was not filed until after the expiration of two years from the discovery of the fraudulent acts complained of.

(Syllabus by the Court.)

*Error from District Court, Kay County; W. M. Bowles, Judge.*

Action by the Southwestern Grain & Produce Company, a partnership, against the Z. J. Fort Produce Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

This action was begun in the lower court by defendants in error, who, for brevity and convenience, will be called "plaintiffs," against plaintiff in error, who will hereafter be called "defendant." The original petition was filed on December 18, 1905. In it plaintiffs allege that defendant is indebted to them in the sum of $180.78 for damages on a car of potatoes which defendant sold to them on a guaranty that the potatoes would be good and merchantable. They allege that the potatoes were shipped in a car from Denver, Colo.,.

to Arkansas City, Kan., and were received by them on or before Nov. 15, 1905; that at the time of the shipment of said potatoes defendant drew on plaintiffs a draft for the amount of the purchase price of the potatoes and sent said draft with bill of lading attached to one of the banks in the city of plaintiffs' residence; that they could not get or inspect the potatoes until they paid the draft; that they paid the draft, took the potatoes, and upon unloading the same from the car found that half of them were rotten, grubby, and unmerchantable and worth only one-half of what they had paid for them. Later an amended petition was filed, in which the allegations of the original petition are somewhat amplified; but the theory upon which plaintiffs seek to recover by the amended petition, as in the original petition, is for damages resulting from a breach by defendant of that portion of his agreement or representation to them that the potatoes would be good, merchantable potatoes.

To the amended petition, an answer was filed, and the case was tried to a jury. After both parties had introduced their evidence, upon request of plaintiffs, the case was withdrawn from the jury, and they were given leave to file a second amended petition within 10 days thereafter upon the condition that the costs incurred to the date of said order be taxed to plaintiffs.

Thereafter, on the 13th day of December, 1907, plaintiffs filed a second amended petition, in which they allege that in response to a telegram from defendant to plaintiffs which read, "Choice apples straight, course three-fourths Ben Davis, balance assorted varieties, dollar fifteen box delivered, potatoes dollar ten * * * advancing daily," they sent to defendant the following message: "Ship car choice pearl spuds as per quotations." They allege that defendant knew that "spuds" meant potatoes; that the potatoes were shipped and draft drawn therefor with bill of lading attached; that they could not get possession of the potatoes until they paid the draft and took up the bill of lading; that the only examination they could make of the potatoes was such as could be made while in the car, which was in the hands of the railroad company;

that the potatoes were in sacks laid in tiers or rows piled one on the other; that they went to the car and made such inspection as they could, but they could inspect only such as were on top; that, from their examination of the potatoes, they considered them about as good a quality as they purchased, and, relying on all being as good as those on the top, paid the draft, got the bill of lading, and took the potatoes from the car; that, while unloading them, they discovered that more than half of the potatoes were rotten, grubby, and worthless. They charged that defendant fraudulently, and with the purpose of deceiving, cheating, and defrauding them, had loaded the car so as to prevent them from learning the true character of the potatoes upon such examination as they could make of them while in the car, and that the bottom of the car was loaded with said worthless potatoes, with the design to defraud plaintiffs; and prayed judgment for their damages caused by the fraudulent acts of defendant.

To the second amended petition, a motion to dismiss was interposed upon the grounds: First, that it set up a new and different cause of action from that stated in the original petition; second, because it shows upon its face that the cause of action attempted to be stated therein is barred by the statute of limitation. Defendant also demurred to the petition, upon the same grounds. Both the motion and the demurrer were overruled. After an answer to the second amended petition was filed by defendant, a trial to a jury was had which resulted in a verdict and judgment thereon in favor of plaintiffs. Defendant demurred to plaintiffs' evidence, moved for peremptory instruction, and for judgment *non obstante verdicto,* in all of which he was overruled by the court.

*D. S. Rose,* for plaintiff in error.
*Tetirick & Curran,* for defendants in error.

HAYES, J. (after stating the facts as above). Only two questions need to be considered in order to dispose of all specifications of error; First, does the second amended petition so substantially change plaintiffs' claim from that set up in the original and the

first amended petitions that defendant's motion to strike and dismiss should have been sustained? Second, is the cause of action set up in the second amended petition barred by the statute of limitation?

Section 5679 of the Compiled Laws of Oklahoma of 1909 provided that:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or conform the pleadings or proceedings to the facts proved, when such amendment does not change substantially the claim or defense. * * *"

This section of the statute, with many other provisions of the Code now in force in this state, was brought into this jurisdiction by adoption from the state of Kansas. The Supreme Court of that state in 1892, just prior to the time of the adoption of the statute by the territorial Legislature, construed the foregoing section and applied it to a state of facts very similar to the facts in the case at bar. *Culp v. Steere et al.*, 47 Kan. 746, 28 Pac. 987. That was an action commenced to recover damages resulting from the purchase and sale of a horse which had been purchased by the plaintiff under false and wrongful statements of the defendant as to the character and qualities of the horse, which adapted him to the particular purposes for which plaintiff purchased the horse. After the case had proceeded to trial and all the evidence of both parties had been introduced, the court in that case, as in the case at bar, discharged the jury and permitted the plaintiffs to amend their petition so as to show an express warranty by defendant that the horse was fit for the purpose for which he was bought and sold, and to ask for recovery for damages resulting from breach of the warranty. The appellate court held that the trial court committed no error in permitting the amendment. Mr. Justice Valentine in delivering the opinion said:

"The statute does not provide that the amendment shall not

change the form of action or cause of action; but it simply provides that the amendment shall not 'change substantially the claim or defense.' Now we do not think that the claim of plaintiff in the present case was changed substantially by the amendment. The original petition attempted to set forth a cause of action for the recovery of damages resulting from the purchase and sale of a worthless horse, such purchase and sale being brought about by the wrongful statements of the defendant, and the amended petition sets forth a cause of action for substantially the same thing. The principal wrongs alleged in the amended petition were the wrongful statements made by the defendant, including a warranty that the horse was sound and good for the purposes for which he was bought and sold, when in fact he was not such a horse as he was warranted to be, and therefore that there was a breach of the warranty of the very time of the purchase and sale, for which breach the defendant was and is liable."

The foregoing case and the language of the opinion therein are directly in point. The only distinction between the facts in that case and the facts in the case at bar is that in the original petition in that case the action was founded upon the fraud of the defendant, and the amended petition was made to include a breach of the contract; whereas, in the case at bar, the original petition seeks to recover upon a breach of the contract by defendant, and it was amended so as to embrace his fraudulent acts in the same transaction as the basis of the action. When the amended petition was filed in that case, the statutory period within which to begin an action upon a contract had expired; but the court held that, since there was general identity of the transaction forming the cause of complaint in the original and amended petitions, and the original petition had been filed within proper time, plaintiff's right of recovery was not barred. This case has since been cited with approval by the same court. *Snider v. Windsor et al.*, 77 Kan. 67, 93 Pac. 600. In the last-mentioned case, the original petition set up a cause of action for foreclosure of a mortgage, and the trial court permitted an amendment converting the action into one of replevin to replevy the property covered by mortgage. The action of the court permitting the amendment was held not error.

*Stevens v. Matthewson,* 45 Kan. 594, 26 Pac., 38, was an action to recover a balance due on a contract for land. The defendant in his answer alleged that he was induced to enter into the contract by false representations respecting the land made by the plaintiff and his agent and pleaded a rescission of the contract. He was afterwards permitted to amend his answer so as to allege that the false representations were made with the intent to deceive him, and that he relied on them and was damaged by reason of the land not being as represented, and asked for judgment for his damages. This amendment was sustained by the appellate court. The identical provision of the Code here involved exists in a number of the states of the Union. Decisions construing and applying the same are not uniform, and some of the courts have held that an amendment changing the action from one *ex contractu* to one *ex delicto,* although growing out of the same transaction, is not permissible (*Hackett v. Bank of California,* 57 Cal. 335) ; but the tendency of all the courts is to give to said statute a liberal construction (*Spice & Son v. Steinruck,* 14 Ohio St. 213; *Williamson et al. v. Rock Island & Pac. Ry. Co.,* 84 Iowa, 583, 51 N. W. 60), and some courts have held that the limitation that the amendment shall not change substantially the claim or defense applies only to an amendment offered after judgment, and it does not have the effect to prevent an amendment changing the cause of action offered before the trial (*McDaniel v. Monroe Bros.,* 63 S. C. 307, 41 S. E. 456; *Murphy v. Plankinton Bank et al.,* 18 S. D. 317, 100 N. W. 614). We do not cite the last two cases *supra* for the purpose of approving the rule therein announced, but to show the liberality with which the courts have construed and applied this section of the statute.

It has been so often decided that the construction of a statute made by the Supreme Court of Kansas before the adoption of the statute by the territorial Legislature is binding upon this court that the citation of authorities is not necessary, and our decision

upon the questions raised by this proceeding is concluded by the foregoing cases from that jurisdiction.

·The judgment of the trial court is accordingly affirmed.

All the Justices concur.