## ESTEE v. ESTEE.

No. .2032.   Opinion Filed July 18, 1912.

(125 Pac. 555.)

1.   **APPEAL AND ERROR**—Review—Questions of Fact.   Where a finding is reasonably supported by the evidence, it will not be reversed on appeal.

2.   **DIVORCE**—Grounds—Condonation.   Where, after mistreatment of a wife has been condoned by her, the husband is guilty of similar mistreatment, the condoned offense is revived.

(Syllabus by Rosser, C.)

*Error from District Court, Dewey County;*
*G. A. Brown, Judge.*

Action by Rebecca J. Estee against William G. Estee.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Adams & Smith,* for plaintiff in error.

*Hickok & Myers,* for defendant in error.

Opinion by ROSSER, C.   This is a suit for divorce brought by Rebecca J. Estee against William G. Estee in the district court of Dewey county, Okla.   Both of these parties had been married before, and were middle-aged or past, with children by former marriages, some of whom were grown.   The grounds for divorce, as alleged in the petition, were that the defendant had been guilty

of extreme cruelty, by striking, beating, and choking the plaintiff, upon different occasions. At the close of the testimony, the court found that the allegations in the petition were not proven, and refused to grant the divorce, but made an order requiring the defendant to pay plaintiff alimony in the sum of $20 per month, and $12.50 attorney's fee. On the next day after the hearing, the plaintiff asked leave to amend her petition so as to allege that the defendant, at various times while plaintiff and defendant were living together, falsely accused plaintiff of the larceny of $60 belonging to defendant, thereby causing her great humiliation and distress and mental pain and distress of mind. The court permitted the amendment to be made and thereupon set aside the decree refusing the divorce, and entered a decree of divorce in favor of plaintiff, and rendered judgment that the defendant pay plaintiff the sum of $300 alimony.

The defendant assigns several errors, but only argues two: First. That there was not sufficient testimony to justify the finding that the defendant had accused plaintiff of stealing the money, as alleged in the amended petition. Second. That the plaintiff condoned whatever misconduct the defendant had been guilty of with reference to the accusation concerning the money.

The evidence that the defendant accused plaintiff of stealing the money is not very strong. It nowhere appears that he made the direct accusation. The evidence, however, is capable of the construction that the defendant insinuated that plaintiff had stolen the money; and it shows clearly that after he knew the plaintiff considered that his references to the money were an insinuation that she had stolen the money he continued to talk about it up until their final separation. The trial court heard the parties testify, and the rule that the finding of a trial court is entitled to more weight, because of the fact that he has had an opportunity to observe the witnesses, is particularly applicable in a divorce case. A man of experience can readily determine from the demeanor of the parties in a divorce case, almost without regard to their testimony, which is to blame for the trouble between them. The evidence is reasonably sufficient to support the decree, and it will not be disturbed.

The evidence shows that after the trouble had first arisen between the parties, with reference to the money, they separated, and that afterwards, upon the solicitation of defendant, plaintiff went back to live with him. This was a condonation of past ill treatment, and, if the defendant had conducted himself properly toward his wife from that time on, she could not have been heard to allege, as a ground for divorce, any of his previous misconduct; but when he again made the insinuations complained of, and was guilty of other misconduct and mistreatment, he revived the condoned offense; and the court did not err in hearing all the testimony as to his mistreatment of her during their married life. 14 Cyc. 641-643.

The judgment should be affirmed.

By the Court: It is so ordered.