## CHICKASHA ST. RY. CO. v. WUND.

No. 2737.   Opinion Filed June 11, 1913.

(132 Pac. 1078.)

1. APPEAL AND ERROR—Review—Evidence. This court will consider the evidence adduced at the trial in order to ascertain whether or not the verdict of the jury is reasonably supported by the testimony, but in so doing the conclusion reached by the jury is weighed by that evidence only which supports it. If all the evidence supporting a verdict, taken together and given all of the presumptions and deductions to which it is reasonably susceptible, is sufficient, then this court will not go behind it and determine what verdict the jury might have returned on the countervailing evidence offered, had it been accepted.

2. TRIAL—Street Railroads—Instructions on Contributory Negligence—Duty to Request. Instructions examined and held not open to the criticism lodged against them.

(Syllabus by Robertson, C.)

*Error from Superior Court, Grady County;*
*Will Linn, Judge.*

Action by Mrs. Effie Wund against the Chickasha Street Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Welborne & McCalla,* for plaintiff in error.
*Bond & Melton,* for defendant in error.

Opinion by ROBERTSON, C. Plaintiff below recovered a judgment in the sum of $500 against defendant on account of injuries received in alighting from a street car. The street railway company appeals, and urges two propositions as reasons for a reversal. They are: First, that the evidence does not reasonably tend to support the verdict of the jury; and, second, that the charge of the court, as mentioned and set out, particularly in the third, fourth, and fifth assignments of error,

eliminates from the consideration of the jury the question of contributory negligence.

The proper consideration of the first proposition requires an examination of all the testimony in the case. The evidence in the case covers 102 pages of the record, and it is impossible to set out, by way of synopsis or abstract, sufficient thereof to answer or demonstrate, in a satisfactory manner, the correctness or incorrectness of counsel's contention. The well-established rule that, where the evidence reasonably tends to support the verdict, the same will not be disturbed on appeal, is recognized and admitted by counsel for plaintiff in error; but it is strenuously contended that the evidence, as shown by the record in this case, does not *"reasonably"* tend to support the verdict, but that, on the contrary, there is no evidence that tends reasonably to support the same, and that this court should therefore weigh the same, in order to ascertain where the weight lies, and thus correct the error of the jury, if there be any error, and that the words "reasonably tending" must be construed in the light of the practical administration of the law and in the furtherance of justice.

This identical question has been before this court several times. In *City of Wynnewood v. Cox,* 31 Okla. 563, 122 Pac. 528, Mr. Justice Dunn very clearly lays down the rule to be observed in dealing with this problem in the following language:

"Counsel for defendant, in their abstract and brief, quote copiously from the testimony adduced both by plaintiff and defendant to support a specification of error that there is such a want of evidence to sustain the verdict that the judgment rendered thereon cannot be affirmed. The case is argued here as if before a jury; the purpose being to show that by the overwhelming weight of evidence plaintiff should not have recovered. In this counsel ignored the rule that, if there was any competent evidence introduced on the part of plaintiff reasonably tending to support the jury's verdict, this court would not weigh, as against it, the other evidence offered. The conclusion reached by a jury is weighed on appeal in this court by that evidence only which supports it. If all of the evidence supporting a verdict, taken together and given all of the pre-

sumptions and deductions to which it is reasonably susceptible, is sufficient, then this court will not go behind it and determine what verdict the jury might have returned on the countervailing evidence offered, had it been accepted. The evidence in support of the verdict is here regarded as true, and the evidence against it is considered, for reasons sufficient to the jury, to have been rejected."

Guided by this standard, and we believe it to be a just rule, we have no hesitancy in saying that the verdict of the jury in the instant case is reasonably supported by the evidence. The testimony of Mrs. Wund, under the above rule, was sufficient to warrant the verdict of the jury, while the corroborative evidence of the witnesses Rogers, Howard, Hopkins, Warren, Bazemore, and others precludes us from invading the province of the tribunal created by law for the specific purpose of settling controverted questions of fact. The contention urged is untenable; and while there may be some doubt as to the correctness of the result reached by the jury, yet this court, under the universal holdings on this subject, will not, when the evidence is conflicting, examine and weigh the same to determine where the weight lies, but will be governed by the verdict, and will sustain the same whenever there is any evidence reasonably tending to support the same. *Kennedy v. Pawnee Trust Co.,* 34 Okla. 140, 126 Pac. 548; *Estee v. Estee,* 34 Okla. 305, 125 Pac. 555; *Lynch v. Halsell,* 34 Okla. 307, 125 Pac. 725; *Hillsmeyer v. Blake,* 34 Okla. 477, 125 Pac. 1129; *Enid City Ry. Co. v. Reynolds,* 34 Okla. 405, 126 Pac. 193; *Brissey v. Trotter,* 34 Okla. 445, 125 Pac. 1117; *Clawson v. Cottingham* 34 Okla. 493, 125 Pac. 1114.

The other proposition urged by plaintiff in error must also be decided adversely to their contention. It is insisted that by instructions, 3, 4 and 5 of the charge given by the court to the jury defendant was denied its defense of contributory negligence. Defendant requested no special instruction from the court on the question of contributory negligence. Its objections are lodged against certain instructions offered by plaintiff and given by the court. These objections, when leveled at the specified

paragraphs, seem to possess some virtue; but when they are considered in connection with the instructions given as a whole we do not think they are good. The court, in paragraph 9 of the general charge, said:

"Gentlemen of the jury, you will take these instructions as a whole, together with the evidence which has been detailed to you from the witness stand, and from such instructions, taken as a whole, the evidence so heard from the witness stand, without bias or prejudice, arrive at your verdict in this case."

The company, at the trial, requested and the court gave to the jury the following:

"Gentlemen of the jury, you are instructed in this case that if you believe from the evidence that the plaintiff attempted to alight from the said car while said car was in motion, and that there was no sudden jerk of said car preceding the accident complained of by plaintiff, then you are instructed that the defendant, the Chickasha Street Railway Company, is not liable, and your verdict should be for the defendant.

"Gentlemen of the jury, you are charged in this case that if you find and believe from the evidence that the plaintiff, Effie Wund, attempted to alight from the said car on which she was a passenger before said car had come to a full stop and while said car was in motion, and that the defendant company was in no way negligent in operating and managing said car, then you are charged that the plaintiff is not entitled to recover in this action, and your verdict should be for the defendant.

"Gentlemen of the jury, you are charged in this case that if you believe and find from the evidence that the plaintiff, Effie Wund, attempted to alight from the said car on which she was a passenger while same was in motion, or if she alighted from said car, after same had stopped, in such manner as to cause her alleged injury, without any fault or negligence on the part of the defendant company, then you are charged that your verdict should be for the defendant."

We do not pretend to say that these constitute a good instruction covering the defense of contributory negligence, yet in the light of the foregoing, in connection with the instructions complained of, we do not see how defendant can complain. It was its duty, at the trial below, in case the instructions given

by the court were unsatisfactory, to offer such as, in its opinon would correctly state the law applicable to the case. It did present some, and these were given; but none was offered or requested specifically defining contributory negligence, yet the jury, in considering those offered (defendant's first, second and third, *supra*), was *in effect*, told what constituted contributory negligence; nor could they have found, under those instructions, for the plaintiff, had she contributed by her negligence to her injury; nor could they have returned a verdict in her behalf, had they not found that the duty owed her by the defendant had been breached. Thus she alleges in her petition that as she attempted to alight from the car it gave a sudden jerk and threw her down. Defendant's instruction No. 1, *supra*, told the jury that if she was alighting from the car while it was in motion, and there was no sudden jerk, she could not recover. In defendant's instruction No. 2, *supra*, the jury was told that if plaintiff attempted to alight from the car before it had come to a full stop, and if the defendant company was in no way negligent in operating and managing said car, she could not recover; while in its instruction No. 3, *supra*, the jury was told that if plaintiff attempted to alight from the car while it was in motion, or if she had alighted from the car, after the same had stopped, in such manner as to cause her alleged injury, without any fault or negligence on the part of the defendant, she could not recover. These instructions, read in connection with the balance of the court's charge, to our mind, fully saved the defendant from harm, and in fact, inferentially at least, informed the jury as to what acts of plaintiff would bar her recovery; and when we consider the fact that defendant requested no more specific charge on the defense of contributory negligence we are forced to the conclusion that it is without right to complain. The third, fourth and fifth instructions given, standing alone, were objectionable, but taken in connection with the other paragraphs of the charge we cannot say that the giving of the same, under the facts of the case, constituted such error as would warrant an interference with the judgment. The

only question wherein the defense of contributory negligence could in any manner arise in this case was as to plaintiff's manner of getting off the car, and as is shown by defendant's three requested instructions, *supra,* that phase of the case was fairly covered.

There being no error of sufficient magnitude in the record to authorize a reversal, the judgment should be affirmed.

By the Court:  It is so ordered.