## PENN v. PENN.

No. 2760. Opinion Filed June 19, 1913.

(133 Pac. 207.)

1. DIVORCE—Amendment of Petition—Discretion. A petition in a suit for divorce alleged cruelty and gross neglect of duty. After the answer was filed, but several days before trial, the court permitted plaintiff to file an amended petition alleging adultery. Held, that the court did not abuse its discretion by permitting the amendment.

2. SAME—Findings—Review. Where the evidence reasonably supports a finding of the court that the defendant in a divorce case was guilty of adultery, the finding will not be disturbed on appeal.

3  SAME—Grounds—Condoned. Offense—Revival. Where, after a breach of marital duty has been condoned, the same misconduct is repeated, the condoned offense is revived.

4.  SAME—Custody of Children. Where the evidence shows that a mother's treatment of her children was such as to endanger their health and permanently injure their disposition, she is not entitled to their custody as against their father, if he is a suitable person capable of giving them the proper care, even though they are of tender years.

(Syllabus by Rosser, C.)

Appeal from District Court, Lincoln County;
Chas. B. Wilson, Jr., Judge.

Action by A. M. Penn against Ola J. Penn. From a judgment for plaintiff, defendant appeals. Affirmed.

Geo. B. Rittenhouse and F. A. Rittenhouse, for plaintiff in error.

Jackson & Eagleton and Hoffman & Foster, for defendant in error.

Opinion by ROSSER, C. This was a suit for divorce brought by J. M. Penn against Ola J. Penn. Plaintiff's original petition charged the defendant with extreme cruelty toward the plaintiff and toward their children after children were born to them. It further charged that she was guilty of profane and vulger language, which amounted to extreme cruelty, and that she was guilty of gross neglect of duty in that she would not keep house properly and neglected the care of her children. Defendant filed answer on the 24th of March, 1911. On the 18th of April, 1911, the plaintiff filed an amended petition in which the same allegations were made as in the original petition and an additional allegation was made that the defendant had been guilty of adultery with one D. L. Ramsey.

The first assignment of error is that the court erred in permitting the plaintiff to file the amended petition setting up the additional ground of adultery. The case was not tried until the 1st day of May following the filing of the amended petition.

The record shows that both parties announced ready for trial. The court did not abuse its discretion in permitting the amendment to be filed. The cause of action was for divorce, and the amendment only added another to the list of the breaches of duty. In passing on the right to amend a petition in the case of *Deyo v. Morss*, 144 N. Y. 216, 39 N. E. 81, the Supreme Court of New York said:

"The causes of action were legally distinct, but the purpose of both complaints was to compel the application of the decedent's property to the payment of his debts; and whether the result was reached by treating the conveyance by the defendants as fraudulent, or by compelling them to account for the proceeds of the property, as provided under the statute, does not affect the substantial purpose of the action."

It was held in *Clayburgh v. Clayburgh*, 15 Wky. Notes Cas. (Pa.) 365, that a divorce petition could be amended by adding an additional cause of action.

In *Appeal of Powers*, 120 Pa. 320, 14 Atl. 60, it was held that a divorce petition could not be amended on appeal so as to state another ground of divorce, but it was said that it might have been so amended in the trial court where the defendant would have had an opportunity to meet the new allegation with proof.

Section 5679, Comp. Laws 1909, provides that:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

This section gives the court a very wide discretion in the matter of amendments, and unless this discretion is abused the case will not be reversed because an amendment has been per-

mitted. See *Trower v. Roberts*, 30 Okla. 215, 120 Pac. 617; *Fort Produce Co. v. Southwestern Grain & Produce Co.*, 26 Okla. 13, 108 Pac. 386; *Lookabaugh v. Bowmaker*, 21 Okla. 489, 96 Pac. 651; *Lookabaugh v. La Vance*, 6 Okla. 358, 49 Pac. 65; *Swope v. Burnham, Hanna, Munger & Co.*, 6 Okla. 736, 52 Pac. 924.

If the amendment in this case had not been permitted, the plaintiff would have been put to the necessity of dismissing his action and filing a new suit. The defendant had ample time to prepare her defense. She announced ready for trial, had her witnesses present, and the case appears to have been fairly tried upon the issues presented, including the question of whether or not she had been guilty of adultery.

The next ground relied upon for a reversal of the case is that the evidence was not sufficient to warrant a finding that the defendant was guilty of adultery. It would serve no good purpose to set forth the evidence. The evidence was conclusive that she permitted Ramsey, the person alleged to have committed adultery with her, to take liberties with her such as respectable married women do not permit. The adulterous disposition was shown. In addition opportunity to commit the act was shown, and many suspicious circumstances were shown. In cases of this sort the judgment of the trial court is entitled to special weight. He heard and saw the witnesses. What is of most importance he saw the defendant and her alleged paramour and heard them testify. It is impossible to put on paper the characteristic demeanor of such persons, which to a great extent, outside of the spoken evidence, convinces the judge of experience with such cases either that they are the victims of unreasonable jealousy or that they are guilty. It is not necessary to review the cases cited by defendant to show what circumstances have been held sufficient to establish the charge of adultery. Some of the cases cited do not, in the opinion of the writer, arrive at the proper conclusion from the evidence, especially the case of *Atchison v. Atchison*, 99 Iowa 93, 68 N. W. 573.

It is next contended. that the plaintiff condoned the offense, even if it was committed. The plaintiff saw the defendant in a compromising position with the co-respondent on the evening or night of March 10th, but made no complaint, and occupied the same bed with her that night and the next night. The defendant testifies that he had sexual intercourse with her on the night of the 11th. He denied this. At any rate, the evidence shows that she kept up the same conduct with regard to the co-respondent for a few days after the 11th of March that she had before. When she continued her intimacy, she revived the condoned offenses. *Estee v. Estee,* 34 Okla. 305, 125 Pac. 455.

The last assignment is that the court erred in giving the plaintiff the custody of the children. It is not necessary to go into a general discussion of the right of one parent to the custody of a child as against the other. The children in this case were a boy aged four years and a girl aged two years. Ordinarily at that age the mother would be entitled to the custody. The fact that she had stepped aside from the path of virtue on a few occasions would not necessarily forfeit her right to the custody of the children of such tender years. But a reading of the record in this case shows that, aside from the question of her chastity or lack of it, it was not for the best interests of the children for them to remain with her. It was shown that she was negligent and slovenly in taking care of them; that she was of ungovernable temper; and that when in a rage she punished them almost brutally. It is shown and admitted by her that she struck the little boy with a buckle on the end of a strap across the face, causing a permanent scar above his eye. And many other instances of cruel and unusual punishments inflicted on her children are detailed in the record. It was such as was likely to endanger their health and injure their disposition permanently. It was shown that the plaintiff is a man of good character, a suitable person to have their custody, and capable of giving them the proper care.

There is no material error in the record, and the judgment should be affirmed.

By the Court: It is so ordered.