## SHIPLEY v. CITY OF LAWTON.

No. 5357. Opinion Filed October 5, 1915.

(152 Pac. 119.)

PLEADING—Amendment—Change of Cause of Action. An amendment is permissible which does not change substantially the claim or defense set out in the original pleadings. So, where the original petition set out a cause of action against the defendant, who was city treasurer, and his official bond, for failue to pay over $5,000 alleged to belong to the city, an amended petition setting out that the defendant has converted the same $5,000 to his own use is permissible, and it was not error to refuse to strike such amended petition from the files.

(Syllabus by Devereux, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by the City of Lawton against E. E. Shipley. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was begun against the plaintiff in error, and the sureties on his official bond, as treasurer of the city of Lawton, alleging, in substance, that the city council, on October 13, 1909, passed an ordinance granting to the Lawton & Ft. Sill Electric Railway Company a right to construct and operate a line of street railway on the streets in Lawton; that one of the conditions of the franchise was that the railway company should deposit with the treasurer of the city $5,000, in money, to be considered as liquidated damages in case the railway company should fail to have three miles of track completed and cars in operation thereon within the corporate limits of the city within 12 months from the approval of the ordinance; that the railway company failed to perform this condition, and thereby forfeited to the city the deposit of $5,000 which had been deposited with the defendant as treasurer of the city; that by ordinance duly passed the city council directed the plaintiff in error to place this money in the salary fund of the city, but that he refused so to do, and refused to allow it to be withdrawn from his hands by the city, or by any of its officers. Copies of the official bonds given by the plaintiff in error are attached to the petition, and a breach thereof alleged in the refusal of the plaintiff in error to pay over the money. To this petition demurrers were filed by all of the defendants and sustained, and the plaintiff allowed to amend. The plaintiff filed its amended petition, omitting

therefrom all of the original defendants, except the plaintiff in error, and alleging, in substance, that the plaintiff in error had received this $5,000 as city treasurer from the railway company, and had wrongfully converted it to his own use, alleging a demand, and that the plaintiff in error had gone out of office, and still held this $5,000, and wrongfully refused to turn it over to his successor in office. To this amended petition the defendant filed a motion to strike from the files, because the original petition was an action on the bond and contract, and the amended one was for a cause of action in conversion, and therefore, as stated in the motion, "there is a fatal variance between the pretended cause of action set out in the original petition and the alleged and pretended cause of action set out in the amended petition." This motion was overruled, and the defendant then filed a demurrer, which was also overruled, and he now brings the cause to this court by petition in error and case-made.

*Stevens & Myers* and *Parmenter & Lenertz,* for plaintiff in error.

*Whalin & Burton,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The only error urged in the brief of the plaintiff in error is the action of the court in refusing to strike the amended petition from the files. Rev. Laws 1910, sec. 4790, provides for amendments in almost every case, provided the amendment does not change substantially the claim or defense, and the question therefore is: Does the amended petition substantially change the claim set out in the original petition? The claim set out in the two petitions is for the same thing; that is, for the $5,000 paid to the plaintiff in error by the railway company,

which both petitions allege belong to the city, and the refusal of the plaintiff in error to pay it to the city is the basis of the claim in both petitions. In *Z. J. Fort Produce Co. v. Southwestern Grain & Produce Co.*, 26 Okla. 13, 108 Pac. 386, the original petition alleged that the defendant was indebted to the plaintiff in the sum of $180 for damages to a car of potatoes sold to the plaintiff by defendant, on a guaranty that the potatoes would be good and merchantable, and alleged that the potatoes were rotten and unmerchantable. The plaintiff was allowed to file an amended petition alleging that the defendant fraudulently, and for the purpose of defrauding and cheating the plaintiff, had loaded the car in which the potatoes were transported so as to prevent the plaintiff from ascertaining their worthless condition by placing sacks of good potatoes where they could be inspected, but loading the rotten and bad ones at the bottom of the car, where their condition could not be ascertained until the car was unloaded. A motion was filed in that case to strike the amended petition from the files for the same reason as in the case at bar, but it was overruled by the trial court, and this court sustained the judgment, on the authority of *Culp v. Steere*, 47 Kan. 746, 28 Pac. 987. The court says:

"The only distinction between the facts in that case (*Culp v. Steere*) and the facts in the case at bar is that in the original petition in that case the action was founded upon the fraud of the defendant, and the amended petition was made to include a breach of the contract; whereas in the case at bar the original petition seeks to recover upon a breach of the contract by defendant, and it was amended so as to embrace his fraudulent acts in the same transaction as the basis of the action."

In *Snider v. Windsor*, 77 Kan. 67, 93 Pac. 600, cited with approval by the court in the Fort Produce Company Case, *supra,* the original petition set up a cause of action for foreclosing a mortgage, and the trial court permitted an amendment converting the action into one of replevin to replevy the property covered by the mortgage, and the action of the trial court was held not to be error. See, also, *Lookabaugh v. Bowmaker,* 21 Okla. 489, 96 Pac. 651; *Trower v. Roberts,* 30 Okla. 215, 120 Pac. 617; *Gross Construction Co. v. Hales,* 37 Okla. 131, 129 Pac. 28; *Penn v. Penn,* 37 Okla. 650, 133 Pac. 207.

In our opinion, the above decisions by the court warranted the action of the trial court.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.