# E. VAN WINKLE GIN & MACHINE WORKS v. BROOKS.

No. 5973.   Opinion Filed January 11, 1916.

Rehearing Denied April 14, 1916.

(156 Pac. 1152.)

1.   **PLEADING—Amendment—Changing Cause of Action or Defense.** Amendments of pleadings may be allowed in furtherance of justice, when such amendments do not substantially change the cause of action or defense. This change does not refer to the form of the remedy, but to the general identity of the transaction.

2.   **LIMITATION OF ACTIONS—Computation of Period—Commencement of Action—Amendment of Pleadings.** In an action for personal injuries, after the cause had been reversed and remanded for a new trial, and after the expiration of five years from the date of the injury, the plaintiff amended his petition by adding to the acts of negligence formerly set up the charge that the defendant was negligent in that it did not exercise reasonable care to provide plaintiff with safe fellow servants and coemployees. **Held,** that said amendment did not affect the general identity of plaintiff's cause of action, and was therefore

permissible by virtue of section 4790, Rev. Laws Okla. 1910, notwithstanding more than five years had elapsed after the plaintiff's cause of action had accrued.

3. **MASTER AND SERVANT—Injuries to Servant—Questions for Jury—Employment of Fellow Servant.** Whether the master is chargeable with negligence, on the ground that he should have seen that the servant's previous experience was not such as to qualify him for the duties to which he was assigned, is a question the answer to which is obtained by considering two variable factors, viz., the character of the duties and the extent of the servant's experience in the same or similar duties. It is manifest that a question dependent upon factors which may assume such infinitely diverse forms as these is pre-eminently one for the jury.

4. **SAME.** Evidence examined, and held, sufficient to take to the jury the question whether the master was negligent in not exercising reasonable care to provide the plaintiff safe fellow servants.

5. **APPEAL AND ERROR—Briefs—Requisites—Incorporating Instructions.** In order to present for review error predicated upon an instruction given or refused by the trial court, it is necessary to observe that part of rule 25 of the Supreme Court (38 Okla. x, 137 Pac. xi) which provides: "Where a party complains of instructions given or refused, he shall set out **in totidem verbis** in his brief the portion to which he objects or may save exceptions."

(Syllabus by the Court.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by James M. Brooks against the E. Van Winkle Gin & Machine Works. Judgment for plaintiff, and defendant brings error. Affirmed.

*McElhoes, Ferris & Rhinefort,* for plaintiff in error.

*W. C. Stevens* and *C. M. Myers,* for defendant in error.

KANE, C. J. The above entitled cause has been before this court on a former appeal, and the opinion of the court is reported in 29 Okla. 351, 116 Pac. 908, where a full statement of the facts and the nature of the case may

be found.  As the opinion then rendered contains the law of the case upon the retrial ordered, there will be no restatement of the facts or re-examination of the points of law formerly decided, except such as may be necessary to an understanding of the new questions which arose on the retrial of the cause after it had been reversed and remanded for a new trial.

Upon the cause being reversed and remanded for new trial, the plaintiff asked and was granted leave to amend his petition, which he did, by adding to his former charges of negligence the additional charge that the defendant was negligent in that it did not exercise reasonable care to provide plaintiff with safe fellow servants and coemployees.  Upon a trial to the jury upon the issues as thus joined, there was a verdict for plaintiff, upon which judgment was rendered, to reverse which the defendant commenced this proceeding in error.

The grounds for reversal principally relied upon are: (1) The amended petition charging the defendant with being negligent in the employment of Capt. Lewis, the fellow servant who it was alleged was incompetent at the time of his employment and during his retention upon the work, not having been filed until more than five years after the act of negligence occurred, that charge could not then be set up and relied upon, for the reason that it was barred by the statute of limitations.  (2) The evidence adduced at the trial was insufficient to establish negligence on the part of the master in employing and retaining Lewis.

The first contention is based upon the assumption that the amendment added after the reversal set up a different tort from that alleged in the original petition and brought

in a new cause of action, and, being a new cause of action, it was therefore barred by the five-year statute of limitations. We cannot agree with this contention. The petition, as amended, merely stated an additional act of negligence on the part of the defendant. It is true that a cause of action might have been predicated upon it alone, or any one of the acts of negligence alleged, but only one relief could have been predicated upon all of them combined. The master might have been guilty of negligence in relation to all the nondelegable duties he owed his injured servant, and yet be liable for no greater damages for the specific injury thus inflicted than if the injury were the result of but one act of negligence. The statute (section 4790, Rev. Laws 1910) provides that amendments may be made by inserting other allegations material to the case, when such amendment does not change substantially the claim or defense. It will be noticed that the statute does not provide that the amendment shall not change the form of action or cause of action, but it simply provides that the amendment shall not change substantially the claim or defense.

In *Culp v. Steere*, 47 Kan. 746, 28 Pac. 987, the case was originally brought upon the theory that damages could be recovered for false representations as to the character and quality of a certain stallion. The cause proceeded to trial upon the original petition. After the evidence was all in, the court discharged the jury and permitted the plaintiffs to amend their petition, so as to allege an express warranty and abandon the charge of false representations. The Supreme Court held that the trial court did not err in permitting the amendment. Upon the question of the statute of limitations, which was also involved, the court further held:

"The action was brought within proper time, so as not to be barred by any statute of limitations, but the amendment was not made until more than three years had elapsed after the purchase and sale of the horse, and the plaintiffs recovered in the action. *Held*, that the cause of action upon which the plaintiff recovered was not barred by any statute of limitations."

In another similar case, *Snider et ux. v. Windsor, etc.*, 77 Kan. 67, 93 Pac. 600, the court held:

"Amendments of pleadings may be allowed in furtherance of justice when such amendments do not substantially change the cause of action or defense. This change does not refer to the form of the remedy, but to the general identity of the transaction.

"Any error in allowing an amendment which does not affect the substantial rights of the complaining party is not a sufficient ground of reversal."

Another case in point to the same effect is *St. Louis & S. F. R. Co. v. Ludlum*, 66 Kan. 719, 66 Pac. 1045. We find the foregoing cases have been cited with approval by this court in many instances. *Fort Produce Co. v. S. W. Grain & Produce Co.*, 26 Okla. 13, 108 Pac. 386; *Lookabaugh v. Bowmaker*, 21 Okla. 489, 96 Pac. 651; *Trower v. Roberts*, 30 Okla. 215, 120 Pac. 617; *Gross v. Hales*, 37 Okla. 131, 129 Pac. 28; *Penn v. Penn*, 37 Okla. 650, 133 Pac. 207; *Lookabaugh v. La Vance*, 6 Okla. 358, 49 Pac. 65; *Swope v. Burnham, etc., Co.*, 6 Okla. 736, 52 Pac. 924; *St. Louis & S. F. R. Co. v. Keiffer*, 48 Okla. 434, 150 Pac. 1026; *Shipley v. City of Lawton*, 51 Okla. 575, 152 Pac. 110.

On the second proposition counsel for both parties have set out the evidence quite fully in their briefs and invite our attention to it in support of their respective

contentions. It is sufficient to say of it that we have examined it all very carefully, and are of the opinion that it was sufficient to take to the jury the question whether the master was chargeable with negligence on the ground that he should have seen that the previous experience of the servant who caused the injury was not such as to qualify him for the duties to which he was assigned. As was said by Mr. Labatt in his work on Master and Servant (1 Labatt [1904 Ed.] sec. 194):

"Although an employer is, to a great extent, entitled to act upon the assumption that instrumentalities purchased from persons whose business it is to manufacture them are in a sound condition when they are first put in use (see section 153, *ante*), he clearly would not be justified in acting upon the assumption that a servant who seeks a position is qualified for it. It is therefore well established that, where the service in which the servant is to be employed is such as to endanger the lives and persons of coemployees, the master, before engaging such servant, is required to make reasonable investigation into his character, skill, and habits of life. An exception to this rule is admitted where the work is of a simple kind, which any one of fair intelligence and requisite physical ability is competent to perform. This investigation need not necessarily assume the form of questioning of applicant for work as to his competency. An omission to do this is negligence only when there is no better source of information at hand, and cannot be imputed as culpable where information is sought from the applicant's former employer. On the other hand, the employer's duty is fully discharged if he makes careful inquiry into the habits and competency of the men employed, and upon such inquiry believes, and has good reason to believe, them sober and competent and careful. An employer is also bound to institute affirmative inquiries in order to ascertain the qualifications of a servant whom he transfers to a more responsible position, for which special qualifications are de-

manded, unless the servant has given proof of his capacity in some similar position."

Again quoting from the same volume (section 186) :

"Whether the master is chargeable with negligence on the ground that he should have seen that the servant's previous experience was not such as to qualify him for the duties to which he was assigned is a question the answer to which is obtained by considering two variable factors, viz., the character of the duties, and the extent of the servant's experience in the same or similar duties. It is manifest that a question dependent upon factors which may assume such infinitely diverse forms as these is pre-eminently one for the jury."

From an examination of the record in this case and the former opinion, as heretofore reported, it will appear that the duties of Capt. Lewis, upon whose employment the negligence herein is predicated, were such as to endanger the lives and persons of his coemployees and demand special knowledge and experience on his part.

Under a subhead entitled "Vice Principal," counsel for plaintiff in error in their brief make the point that, inasmuch as it was held in the former opinion that Lewis was a fellow servant, it was error for the trial court upon the retrial to refuse to withdraw from the jury the question of whether he was a fellow servant or vice principal; the evidence on both trials being practically the same. If this question was submitted to the jury, it was probably done in some of the instructions given by the court. The correctness of the following statement made by counsel for plaintiff in their brief stands unchallenged:

"No complaint is made of a single instruction given by the court."

If counsel desired to present for review error predicated upon instructions given or refused, it was incumbent upon him to follow that part of rule 25 ( 38 Okla. x, 137 Pac. vi) of this court which provides:

"Where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief the portion to which he objects or may save exceptions."

There has been no effort on the part of counsel to observe this rule, although it has been many times held to be mandatory. *Lynn v. Jackson*, 26 Okla. 852, 110 Pac. 727; *Jantzen v. Emanuel German Baptist Church*, 27 Okla. 473, 112 Pac. 1127, Ann. Cas. 1912C, 659; *Reynolds v. Hill*, 28 Okla. 533, 114 Pac. 1108; *Seaver v. Rulison*, 29 Okla. 128, 116 Pac. 802; *Arkansas Valley Nat. Bank v. Clark*, 31 Okla. 413, 122 Pac. 135.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.